Ash, Adm'x *vs.* Baltimore and Ohio Railroad Company.

(Decided 18th March, 1890.)

---

Sarah A. Ash, Administratrix of Cecil F. Weaver *vs.* The Baltimore and Ohio Railroad Company.

*Death by Negligence—Foreign law—Comity.*

Article 67 of the Maryland Code, gives a right of action whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, for the benefit of the wife, husband, parent, or child of the person whose death shall have been so caused, to be brought in the name of the State, for the use of the persons so entitled. The Code of West Virginia, section 6, page 709, provides that "every such action shall be brought by and in the name of the personal representative of such deceased person." Held:

That an administratrix appointed in Maryland could not maintain an action therein under the West Virginia Code for the death of her intestate caused by the defendant's negligence in West Virginia.

There is no principle of comity that requires one State to apply and administer the statute law of another in an action by an administratrix to recover damages for the killing of her intestate through the negligence of the defendant.

Ash, Adm'x *vs.* Baltimore and Ohio Railroad Company.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Albert Constable,* for the appellant.

*W. Irvine Cross, John S. Wirt,* and *John K. Cowen,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This action was brought by the plaintiff, the present appellant, as administratrix of Cecil F. Weaver, deceased, against the defendant company to recover damages for the alleged killing of the intestate by means of the negligent and improper structure of one of the bridges on the road of the defendant, in the State of West Virginia.

Weaver, the deceased, was a citizen of Maryland, and, at the time of his death, in June, 1888, was employed as a postal clerk in the service of the Post Office Department of the United States. His route, by the defendant's railroad, was between Baltimore, in Maryland, and Grafton, in West Virginia. At the time of the accident the train was bound east from Grafton, and it is supposed, though there was no witness to the fact, that the deceased, while performing his duty in taking in a mail pouch, hanging from a crane, came to his death by having the back of his head brought violently in contact with one of the timbers of the railroad bridge over Great Cacapon Creek, in West Virginia. Death was instantly produced; but whether from the negligent act of the deceased, or solely from the negligent and improper structure of the bridge, was a question of fact, which,

upon the evidence, it is unnecessary for us to express any opinion.

The action is not founded upon the statute of this State, which gives the right of action whenever the death of a person shall be caused by the wrongful act, neglect or default of another, for the benefit of the wife, husband, parent, or child of the person whose death shall have been so caused, to be brought in the name of the State, for the use of the persons so entitled; (*Code, Art.* 67;) but it is founded on the statute of West Virginia, which, in many respects, is essentially different from the provisions of our statute. The West Virginia statute is set out in the declaration, and it was read in evidence, and is inserted in the bill of exception. That statute, after providing that damages may be recovered for the death of any person caused by the wrongful act, neglect or default of another, proceeds to provide that "every such action shall be brought by and in the name. of the *personal representative* of such deceased person, and the amount recovered in every such action shall be, distributed to the parties, and in the proportion provided by law, in relation to the distribution of personal estate left by persons dying intestate. And in every such action the jury may give such damages as they shall deem fair and just, not exceeding ten thousand dollars; and the amount so recovered shall not be subject to any debts or liabilities of the deceased; provided that every such action shall be commenced within two years after the death of such deceased person." By our statute, the limitation to the right of action is confined to one year; and there is no restriction as to the amount of recovery.

At the close of the evidence introduced on the part of the plaintiff, the defendant offered a prayer for instruction to the jury, that there was no evidence *legally sufficient* to entitle the plaintiff to recover; and that prayer

was granted.   And whether that instruction was right or wrong is the only question presented on this appeal.

The plaintiff was bound to show, both by pleadings and proof, that she had a right upon the law and the facts to maintain the action; and as this is a special action founded exclusively upon the statute of a neighboring State, the only principle upon which it can be sustained in the Courts of this State, is that of comity; and if it be not sustainable upon that ground, there was clearly no error committed by the Court below in withdrawing the case from the jury.

There is no pretence that this action is maintainable at the common law, or upon common law principles.   It is a special action given by a statute which has no inherent authority or binding force beyond the limits of the State which enacted it.   We suppose it to be quite clear that, if instead of founding this action upon the statute of West Virginia, it had been instituted and attempted to be maintained upon, and by virtue of, the statute of this State, to the provisions of which we have referred, (the statutes of the two States being essentially dissimilar in their provisions,) the action could not have been sustained; unless we were to attempt to give extra-territorial force to our statute, and to make it apply to acts and transactions occurring in other States.   And if our statute cannot be so extended and applied, there can be no reason why statutes of other States, not similar in provisions to our own, though belonging to the same general class of legislation, should be allowed extraterritorial force and operation, by the Courts of this State. By the statute of West Virginia the right of action accrues to the personal representative of the deceased, the executor or administrator, and the damages, limited in amount, and hence in the nature of a penalty, are directed "to be distributed to the parties, and in the proportion provided by law in relation to the distribution

of personal estate left by persons dying intestate;"—
whether such parties be wife or children, or collateral
relations of the deceased.    Whereas, by our statute,
the right of action is given directly to the parties who
suffer damage by the death of the deceased, namely,
the wife, husband, parent or child, and which action is
to be prosecuted in the name of the State for the use
of the persons entitled; and the jury are required to
apportion the damages assessed.

An administrator or executor appointed in this State
receives his power and authority to sue and maintain
actions from the laws of this State, and from this State
alone.    It is according to the laws of this State that he
must conduct his administration and make distribution.
There is no statute of this State, nor any principle of
law known to our Courts, whereby an administrator or
executor is given the right to sue and recover in an action
like the present, nor is there any law of distribution, in
force in this State, that entitles the next of kin or distri-
butees of a decedent's estate, to receive the money recov-
ered in an action like the present.    And if the present ad-
ministratrix were allowed to maintain the action it would
be exclusively by virtue of a foreign law, and it would only
be by force of that law, that she could be compelled to
account for and make distribution of the money recovered.
There is certainly no comity that requires one State to
apply and administer the statute law of another in a
case such as the present.

In *Rorer on Inter-State Law*, 144, 145, upon review of
the authorities, the author states his conclusion to be,
that in all purely personal actions of a transitory nature
for torts at common law a citizen of a State may sue a
citizen of another State in the Courts of such other
State, or of any State wherein he may reside, or may be
found and served with process, without regard to the
place or State in which the injury may have been

inflicted.   But that where certain acts are made wrongs
by statute, which were not such theretofore, or where
remedies additional to those which existed at common
law are provided by statute, advantage can be taken of
these new and additional remedies only within the terri-
tory or locality in which the statute has force.   These
constitute new rights, so to speak, and depend for their
enforcement always upon the statutes by which they are
created.   And such statutes will be enforced only by
the Courts of the State wherein they are enacted.   In
support of these propositions many well considered cases
may be cited;  as those of *Woodard vs. Railroad Co.*,
10 *Ohio St.*, 121; *Richardson vs. New York Central Rail-
road Co.*, 98 *Mass.*, 85; *Taylor's Adm'r vs. The Penn-
sylvania Company*, 78 *Ky.*, 348; *McCarthy vs. Railroad
Co.*, 18 *Kans.*, 46; *Willis vs. Missouri Pacific Railroad
Co.*, 61 *Tex.*, 432; *Buckles vs. Ellers*, 72 *Ind.*, 220.

In the case of *Taylor's Adm'r vs. Penn. Co.*, just
referred to, where it was held that an administrator
appointed and suing in Kentucky could not maintain an
action for the death of his intestate by negligence in
Indiana, such action being maintainable by an admin-
istrator under the Indiana statute, but not under that
of Kentucky, the Court of Appeals of the latter State
said: "A personal representative, as such, has no rights
or powers beyond the jurisdiction of the government
under whose laws he received his appointment, and
therefore he cannot have any rights nor be subject to
any obligations or duties not imposed by the law of his
official domicile.   He cannot carry his official character
abroad, nor can his official powers and duties at home
be affected by foreign laws.   A Kentucky administrator,
suing in a Kentucky court, must be able to show that
the laws of Kentucky entitle him to the thing sued for.
He cannot receive his office from one jurisdiction and
appeal to the laws of another jurisdiction for rights or

powers not given by the law which created him." And the same principle is fully sustained in a well reasoned opinion by the Supreme Court of Ohio, in *Woodard, Adm'x vs. Railroad Co., supra.*

We are aware that there is some diversity of opinion upon this subject; but we are not aware that there is any well considered case that holds that the action may be maintained in a State other than that in which the accident occurred, on the same state of facts as here presented, and where there existed in the statutes of the two States upon this subject, such dissimilarity of provisions as we find to exist in the statutes of West Virginia and Maryland.

In *Leonard vs. Columbia Steam Nav. Co.,* 84 *N. Y.,* 48, it was held that an administrator appointed in the State of New York might maintain an action for the death of his intestate, occasioned by a negligent injury inflicted by the defendant in another State having a statute substantially like the New York statute, allowing an action of damages for death by negligence, to be prosecuted by the personal representative of the deceased. And in the case of *Dennick vs. Railroad Co.,* 103 *U. S.,* 11, brought up from a Circuit Court sitting in New York, the same rule of decision is maintained as that laid down in *Leonard vs. Columbia Steam Nav. Co., supra.* This case in 103 *U. S.,* 11, is much relied on by the plaintiff; but the facts of that case are not similar to the facts of the present case. In that case the death occurred in New Jersey, and the action was brought by an administratrix appointed in New York; and, in delivering the opinion, the Supreme Court said, "that a statute of New York, just like the New Jersey law, provides for bringing the action by the *personal representative,* and for distribution to the *same parties,* and that an administrator appointed under the law of that State would be held to have recovered *to the same uses,* and subject to the remedies

in his fiduciary character which both statutes pre-
scribe.'' The Court also said, ''that the questions grow-
ing out of these statutes are new, and many of them
unsettled.    Each State Court will construe its own
statute on the subject, and differences are to be ex-
pected.'' It is clear, therefore, that the decision in the
case reported in 103 *U. S.*, does not apply to this case.

But even the qualified decisions of the Court of
Appeals of New York, and of the Supreme Court of
the United States, upon this subject, have not met
with general approval, and have not been generally fol-
lowed by subsequent State Court decisions.

In the recent case of *Davis vs. New York & New
England Railroad Co.*, 143 *Mass.*, 301, it was held by the
Supreme Court of Massachusetts, that an action by an
administrator could not be maintained in that State for
the death of a person caused by the negligence of the
defendant in another State, the remedies provided in the
two States not being alike.    And the Court expressly
declined to depart from its own previous decision in
*Richardson vs. Railroad Co.*, 98 *Mass.*, 85, and follow the
general doctrine laid down in *Dennick vs. Railroad Co.*,
103 *U. S.*, 11.

And so in case of *Vawter vs. The Missouri Pacific Rail-
road Co.*, 84 *Mo.*, 679, where it was held by the Supreme
Court of Missouri that an administrator appointed in
that State could not maintain an action there for the
death of his intestate by negligence of the defendant in
Kansas, such action being allowed by the statute of
Kansas but not by that of Missouri.    There, also, the
case of *Dennick vs. Railroad Co.*, and *Leonard vs. Steam
Nav. Co.*, *supra*, were pressed upon the Court for the
general doctrine there laid down; but the Supreme Court
of Missouri declined to adopt or follow those cases, and
decided in accordance with what was taken to be the
well established general principle of interstate law in

such cases.     And even in New York, in the recent case of *Debevoise vs. Railroad Co.*, 98 *N. Y.*, 377, it was held that an action by an administrator for damages for the death of his intestate, caused by the negligence of the defendant in another State, could not be maintained in the Courts of New York, without proof of the existence of a like statute to that of New York in the State where the accident occurred;—thus showing that the right of action given by statute for the death of an individual is not transitory like the common law right of action for personal injuries, but the operation and force of such statute must be confined to the State enacting it, except where it can be extended by comity.   And whether an action would be sustained by the Courts of this State for the death of a person occurring in another State having a statute of the same or like provisions as our own, is a question not presented in this case, and in regard to which we express no opinion.

The plaintiff having entirely failed to show any such state of case or cause of action as would entitle her to recover in a Maryland Court, there was no error in taking the case from the jury, and therefore the judgment must be affirmed.

*Judgment affirmed.*

(Decided 18th March, 1890.)