LUSK'S ADM'RS v. KIMBALL et al.

(Circuit Court, W. D. Virginia. May 11, 1898.)

1. FOREIGN ADMINISTRATORS—ACTIONS.
    An action commenced in Virginia by a foreign administrator without first taking out letters of administration in that state is a mere nullity, and no life can be imparted to it by subsequently procuring such letters, and then setting up the fact by amendment of the pleadings.

2. PLEADING—AMENDMENT.
    Rev. St. § 954, authorizes amendments only in cases properly instituted, and then only in matters of form. It does not go to the extent of allowing the court, where an action was originally brought without authority or sanction in law, to so amend the original writ and declaration as to make new parties plaintiff, and thereby sustain an action that was originally brought without authority to institute the same.

Isaac Harr and Burrow Bros., for plaintiffs.
Fulkerson, Page & Hunt, for defendants.

PAUL, District Judge. This is an action at law brought by W. H. Hodges and E. B. McKeehan, styling themselves administrators of Samuel L. Lusk, deceased. The record shows that Samuel L. Lusk was an employé on the Norfolk & Western Railroad, and was,

on the 30th day of March, 1895, while in the service of the said railroad company, on the Kenova Division thereof, killed, by being crushed between two cars; that this action was instituted in this court at Abingdon, in the month of August, 1895, by the plaintiffs, who, prior to the institution of the suit, had obtained, in the state, of Tennessee, letters of administration on the estate of said Lusk, but had not taken letters of administration in the state of Virginia. After the institution of this action, one J. W. Mort, a citizen of Virginia, qualified in the corporation court of the city of Bristol, Va., as administrator of the estate of said Lusk. In the month of June, 1897, said Mort tendered his resignation as administrator of said estate, and his resignation was accepted by the corporation court of the city of Bristol, and the plaintiffs, E. B. McKeehan and W. H. Hodges, were then and there appointed by the said corporation court of the city of Bristol and qualified as administrators of said estate in the room and stead of said Mort. The defendants at the October term, 1897, of this court filed a plea in bar to the action, alleging that at the time the same was instituted the plaintiffs had obtained letters of administration upon the estate of Samuel L. Lusk, deceased, in the state of Tennessee; that they were not administrators of said estate in the state of Virginia, but that one J. W. Mort had qualified in the corporation court of the city of Bristol, Va., and was then administrator of said estate. To this plea the plaintiffs filed a replication, as follows:

"(1) It is true that before the institution of this action plaintiffs had obtained letters of administration upon the estate of Samuel L. Lusk, deceased, in the state of Tennessee. (2) It is true that at the time this action was instituted plaintiffs had not been appointed administrators of said estate in the state of Virginia. (3) It is not true that at and before the institution of this action one J. W. Mort had been appointed and qualified as administrator of said estate in the corporation court of Bristol, Virginia. (4) It is true that after the institution of this action said J. W. Mort was appointed and qualified as administrator of said estate in said corporation court of Bristol, Virginia, but on the ——— day of June, 1897, said Mort, having fully administered and made settlement of all the assets of said estate coming into his hands, tendered his resignation as administrator of the said estate, and said resignation was accepted by said corporation court of Bristol, and plaintiffs, E. B. McKeehan and W. H. Hodges, were then and there appointed and qualified as administrators of said estate in the room and stead of said Mort, and they are now the only administrators of the estate of Samuel L. Lusk, deceased."

The question presented by the pleadings for decision is, can this action, on this state of facts, be maintained? The plaintiffs insist that, although they had not taken out letters of administration at the time of the institution of the action, yet, having subsequently done so, they have a right to amend the declaration so as to make them parties plaintiff, and claim that the amendment so made will have relation to the time of instituting the action, and invests them with the right to maintain the action.

This is an action under section 2902 of the Code of Virginia of 1887, which provides for the recovery of damages where the death of any person is caused by the wrongful act of any person or corporation. Section 2903 of the Code of Virginia of 1887 provides:

"Every such action shall be brought by and in the name of the personal representative of such deceased person, and within twelve months after his death. * * *"

Section 2640 provides for the qualification of an administrator, as follows:

"Before any grant of administration, as of the estate of an intestate, the person to whom it is granted shall, in the court granting it, give bond and take an oath that the deceased has left no will, so far as he knows, and that he will faithfully perform the duties of his office to the best of his judgment. * * *"

Thus, it will be seen that, before an administrator is authorized to do any act under the laws of Virginia, he must comply with the requirements of the statute in the important particulars of taking an oath in open court and executing a bond with security. Until he complies with these requirements of the statute, he stands in the same relation to the estate of the decedent as any other individual, even though he has taken out letters of administration in another state. These can confer no authority upon him to exercise so important a power as instituting an action at law. This question has been so frequently decided by the courts, state and federal, that the doctrine is firmly established that letters of administration confer no authority outside of the territorial jurisdiction of the state granting the same, in the absence of a statute conferring such authority. A leading case on this subject is that of Noonan v. Bradley, 9 Wall. 394. This decision has been cited as a controlling authority in numerous cases subsequently arising in the federal courts. In that case the supreme court, Mr. Justice Field delivering the opinion of the court, said:

"All the cases on the subject are in one way. In the absence of any statute giving effect to the foreign appointment, all the authorities deny any efficacy to the foreign appointment outside of the territorial jurisdiction of the state within which it was granted. All hold that, in the absence of such a statute, no suit can be maintained by an administrator in his official capacity, except within the limits of the state from which he derives his authority. If he desires to prosecute a suit in another state, he must first obtain a grant of administration therein in accordance with its laws. So far has this doctrine been extended that in Fenwick v. Sear's Adm'rs, 1 Cranch, 259, where the plaintiff had obtained letters of administration in Maryland, before the separation of the District of Columbia from the original states, it was held by this court that he could not, after the separation, maintain an action in that part of the District ceded by Maryland, by virtue of these letters, but that he must take out new letters within the District."

In Dickinson v. McCraw, 4 Rand. (Va.) 158, it was held that an administrator appointed in the state of North Carolina cannot be joined as a party plaintiff with an administrator appointed in Virginia in an action brought in the latter state. 8 Enc. Pl. & Prac. 700, 701; Vaughn v. Northup, 15 Pet. 1; Kerr v. Moon, 9 Wheat. 565; Dixon v. Ramsay, 3 Cranch, 319; Eells v. Holder, 12 Fed. 668.

The statutes of Virginia have no provision authorizing an administrator to whom letters of administration have been granted in another state to bring an action in the former state. The doctrine of the common law, as recognized in England and in the United States, is unchanged, and an administrator cannot maintain a suit in this

state without first taking out letters of administration in some court in this state.

The contention that the want of authority on the part of a foreign administrator to bring an action in this state is cured by his procuring letters of administration in this state after he has instituted his action cannot be sustained. His failure to do so before he commences his action is a fatal defect in his right to maintain it. In this case not only did the plaintiffs fail to procure letters of administration in this state before commencing their action, but after its institution letters of administration were granted to Mort, a citizen of the state of Virginia. For two years he was invested with all the rights and interests of an administrator, and during that period they could, under no principle, or even fiction, of the law, be vested in any other person. It was only by his resignation that he was devested of his authority as administrator, and it was only by the subsequent qualification of the plaintiffs as administrators that they were invested with the rights and the authority pertaining to that fiduciary office. Prior to that time, any action brought by them in their representative character was a nullity. There was no legal proceeding pending which could be kept alive and prosecuted by their subsequent qualification as administrators. The authority conferred could not have relation so as to give vitality to a null and void proceeding.

Counsel for the plaintiffs insist that, under the provisions of section 954 of the Revised Statutes of the United States, they have a right to amend their declaration so as to make the administrators who qualified in the state court of Virginia after the institution of the suit in this court the plaintiffs, in place of the administrators who qualified in the state court of Tennessee. The section referred to is as follows:

"Sec. 954. No summons, writ, declaration, return, process, judgment, or other proceeding in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form: but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses: and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion, and by its rules, prescribe."

While this statute is very broad and liberal in the allowance of amendments to the process or pleadings, the amendments which it permits can only be made in a case that is properly·instituted, and only then in matters of form. It does not go to the extent of allowing the court, where an action was originally brought without authority or sanction in law, to so amend the original writ and declaration as to make new parties plaintiff, and thereby sustain an action that was originally brought without authority to institute the same.

There is no question that, where an action is brought by a party having authority to institute it, the pleadings may be amended in

matters of form so as to perfect the jurisdiction of the court upon the record. But, when the parties instituting a suit have no authority to bring the same, the amendments authorized by the statute cannot cure the defect in the proceedings. The action cannot be maintained. The special plea in bar must be sustained, and the action dismissed.