## LONDON GUARANTEE & ACCIDENT COMPANY *v.* BALGOWAN STEAMSHIP COMPANY, LTD., ET AL.

[No. 36, April Term, 1931.]

*Decided June 11th, 1931.*

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Joseph Townsend England* and *Fendall Marbury,* for the appellant.

*John B. Deming* and *George Forbes,* with whom was *Henry L. Wortche* on the brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

This is an appeal from a judgment for the defendant on demurrer of the Superior Court of Baltimore City in an attachment proceeding on original process for unliquidated damages against a nonresident, instituted by the London Guarantee & Accident Company, Limited, for the joint use and benefit of itself and the widow and certain surviving children of Davis Hawkins, deceased, against the Balgowan Steamship Company, Ltd., William Arbuckle and Neil Mac-Kinnon, individually and jointly.

The cause of action is found in certain statutes of the State of Texas, set out in full in the declaration, and more particularly referred to later, and in the following facts, which for the purposes of the appeal are conceded:

On or about November 13th, 1928, Davis Hawkins was employed by the Gulf Stevedoring Company of Texas upon a pier at Galveston, Texas, in loading bales of cotton on the steamship Balgowan, which was owned by the appellees. In the course of his work, as the result of defendant's negligence, a rope by means of which the cotton was hoisted from the pier to the ship parted, and several bales fell upon Hawkins, inflicting injuries which caused his death. The precise negligence of which the appellants complain is that the rope by which the bales were suspended was dangerously defective,

and that it parted because that condition could by the exercise of ordinary care on their part have been discovered by the appellees, who supplied it for the use to which it was applied, in time to have prevented the accident, but which could not have been so discovered through the exercise of ordinary care by the injured employee. In due course, compensation under the Workmen's Compensation Law of Texas in the sum of $5,500 was awarded to the widow and children of Hawkins, and paid by the London Guarantee & Accident Company, Limited, which had issued a policy of compensation insurance to the Gulf Stevedoring Company, covering its liability for such compensation.

On August 15th, 1930, the insurance company filed its affidavit in the Superior Court for the attachment in this case, and on the same day filed in the proceeding its declaration properly verified. A demurrer to that declaration having been sustained, on November 12th, 1930, it filed its amended declaration. A demurrer to that pleading was also sustained, "without leave to amend," and judgment on demurrer entered for the defendants.

The sole question presented by the appeal is whether that declaration states a cause of action enforceable in the courts of this state.

While there is authority to the contrary, the great weight of judicial opinion in American courts is that no action can be maintained anywhere for the death of a human being through the negligent or wrongful act of another, unless the right to maintain such an action is given by some statute of the state in which the injury was inflicted. 8 *R. C. L.* 719, 1037, 1038; 48 *Am. Dec.* 633; *Austin's Adm'r. v. Pittsburg, C., C. & St. L. R. Co.,* 122 Ky. 304, 91 S. W. 742; *Boston & M. R. R. v. Hurd* (C. C. A.), 108 F. 116, 56 L. R. A. 194. And that certainly is the law of this state. *Dronenburg v. Harris,* 108 Md. 597, 71 A. 81; *Ash v. Balto. & O. R. Co.,* 72 Md. 145, 19 A. 643; *Stewart v. United Elec. L. & P. Co.,* 104 Md. 332, 65 A. 49. Where, however, such a right is given by the *lex loci delicti,* the weight of authority supports the principle that it may upon considerations of comity be en-

forced in any other state where the law as to the actionable qualities of the wrongful act is substantially the same as the law of the state in which the act was done (8 *R. C. L.* 792), and the opinion in *Ash v. Balto. & O. R. Co., supra,* may be construed as favoring that rule. But, since a determination of that question is not necessary in this case, it will neither be considered nor decided. For, whatever the law as to that may be, the converse of the proposition has, after mature deliberation by able judges, been deliberately adopted as the settled law of this state; that is, that a negligent or wrongful act resulting in the death of a human being under circumstances which, by the statutory law of the state in which the act was done, conferred upon certain classes of persons a right of action against the tort-feasor, is not actionable in this state in respect to such death, unless like qualities and incidents would have been given to it, had the act occurred here, by some statute or statutes of this state substantially similar to the statute or statutes in force in the state in which the act was done and which made it a cause of action. *Ash v. Balto. & O. R. Co., supra; Dronenburg v. Harris, supra.*

It is however intimated, in the very careful and helpful brief of the appellants, that, if read literally, the opinion in *Ash v. Balto. & O. R. Co., supra,* is inconsistent with the present trend of the law, and that therefore it should be read as sanctioning the exercise by the courts of this state of a greater liberality in assuming jurisdiction in actions for the enforcement of rights created by the statutory law of some other state than would be permitted by its strict letter. We cannot accept that suggestion for several reasons. One is that the language of that opinion is too clear to permit a resort to construction, and to give it any meaning other than that which it clearly states would not be to construe it, but to modify or overrule it, and that we are unwilling to do. Second. The law as to the enforcement in one state of rights growing out of the death of a human being by the wrongful act of another in some other state, and which depend upon statutes of the state in which the act is done, is in such a state of conflict and confusion that it cannot be

said with certainty what its trend is, or that the weight of authority supports a rule different from that stated in *Ash v. Baltimore & O. R. Co., supra,* 8 R. C. L. "Death," secs. 73-77. For while the general weight of authority does support the proposition that rights accruing under foreign statutes may on principles of comity be enforced in a state other than that in which the act was done, the decisions as to the conditions and circumstances under which such rights will be enforced in the state of the forum are conflicting. *Id.* Whether that comity shall be extended has been held to depend upon whether the *lex loci delicti* upon which the right depends is substantially similar to the laws of the forum (*Howard v. Nashville, etc. R. Co.,* 133 Tenn. 19, 179 S. W. 380; 8 R. C. L., p. 796, note 15), whether there is a statute in the state of the forum permitting an action for a wrongful act causing death (*Id.*), whether the statutes in the two jurisdictions are substantially alike or of a similar "import and character," founded on the "same general principle and possessing the same general attributes," 8 R. C. L. 796. On the other hand, it has been widely held that a right of action acquired under the laws of one state may be enforced in any other state, even though acts similar to those upon which the right is based would not by the *lex fori* be actionable. *Dennick v. Central R. Co.,* 103 U. S. 11, 26 L. Ed. 439; *Stewart v. Balto. & O. R. Co.,* 168 U. S. 445, 18 S. Ct. 105, 42 L. Ed. 537; *Bigelow v. Nickerson* (C. C. A.), 70 F. 113; *O'Reilly v. New York & N. E. R. Co.,* 16 R. I. 388, 17 A. 171, 906, 19 A. 244; *Eingartner v. Illinois Steel Co.,* 94 Wis. 70, 68 N. W. 664.

In some cases it has been held that a mere dissimilarity in the measure of damages recoverable may be disregarded in comparing the statutes as immaterial (*Wooden v. Western N. Y. & P. R. Co.,* 126 N. Y. 10, 26 N. E. 1050; *Whitlow v. Nashville, C. & St. L. R. Co.,* 114 Tenn. 344, 84 S. W. 618), as where the *lex loci delicti* allows exemplary damages and the plaintiff seeks compensatory damages only under the *lex fori,* which does not permit exemplary damages. *Rochester v. Wells Fargo & Co. Express,* 87 Kan. 164, 123 P. 729.

150

In others such a dissimilarity has been fatal (*Hyde v. St. Louis & P. R. Co.*, 61 Iowa, 441, 16 N. W. 351), and in one state it was held that under its statutes the courts could not assume jurisdiction in an action by a nonresident against a foreign corporation on a cause of action which did not arise within the state. *Robinson v. Oceanic Steam Nav. Co.*, 112 N. Y. 315, 19 N. E. 625. Finally we are unable to say that the rule, announced in the *Ash v. Baltimore & O. R. Co.* and *Dronenburg v. Harris* cases, that rights arising from acts done beyond this state, acquired by nonresidents under foreign statutes, will not be enforced in this state when its policy, as expressed in its statutes, fails to accord to its own citizens, by statutes substantially the same as the foreign statutes, similar rights and privileges, is wrong in principle.

Inherently, no state statute has any extraterritorial force, and it is administered in a foreign state as a matter of grace, not of right, upon principles of comity. 12 *C. J.* 434, 17 *C. J.* 1255-1259. And there seems to be no sound reason why any state should lend the use of its judicial machinery for the enforcement of rights created by foreign statutes or laws in favor of nonresidents, unless by its own laws and statutes, similar in substance to the foreign laws and statutes, like rights are granted to its own citizens.

Finding no sufficient reason to depart from the principles stated in *Ash. v. Balto. & O. R. Co., supra,* and affirmed in *Dronenburg v. Harris, supra,* the ultimate and controlling question in the case is whether the Texas statutes, upon which appellants' claim is based, are substantially the same as the Maryland statutes applicable to similar facts.

Comparison of the relevant statutes of the two states demonstrates that in important particulars the Maryland statutes differ from the Texas statutes, and, applying the rule stated in *Ash v. Balto. & O. R. Co., supra,* the conclusion is manifest that those differences are of such a character that the Texas statutes will not be administered in the courts of this state. In that case the plaintiff, as administratrix of Cecil F. Weaver, deceased, brought an action in the Circuit Court for Cecil County to recover damages

for the death of her decedent as a result of the alleged wrongful act of the defendant done at the State of West Virginia. A statute of that state provided that damages might be recovered in such a case in an action brought by the personal representative of the deceased person, and that any damages recovered should be apportioned to the parties in the proportion provided by law for the distribution of the estates of deceased persons dying intestate; that the damages recoverable should not exceed $10,000, and should not be subject to any debts or liabilities of the deceased; and that every such action should be brought within two years after the death of the deceased person. The Maryland statute, then as now, provided that, whenever "the death of a person shall be caused by wrongful act * * * and the act * * * is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages. * * *" (Code, art. 67, sec. 1); that every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused, and shall be brought in the name of the State of Maryland for the use of the person or persons entitled to damages, and in every such case the jury may award such damages as they may think proportioned to the injury resulting from such death to the parties for whose benefit the action shall be brought, and such damages, after deducting costs not recovered from the defendant, shall be divided among the parties in such shares as the jury may direct, and every such action shall be brought within twelve calendar months after the death of the deceased person. *Id.,* sec. 2. The language of the section last cited has been held to mean that in such an action only compensatory damages, proportioned to the pecuniary loss suffered by the equitable plaintiff, may be recovered. *Tucker v. State, use of Johnson,* 89 Md. 471, 43 A. 778, 44 A. 1004; *Balto. etc. Turnpike Road v. State, use of Grimes,* 71 Md. 582, 18 A. 884; *Agricultural Assn. v. State, use of Carty,* 71 Md. 100, 18 A. 37; *Balto. &*

*O. R. Co. v. State, use of Mahone*, 63 Md. 135; *State, use of Coughlan v. Balto. & O. R. Co.*, 24 Md. 105; *Balto. & O. R. Co. v. State, use of Kelly*, 24 Md. 281. The court found these statutes "essentially dissimilar," and, in passing upon the effect of the dissimilarity, said: "We are aware that there is some diversity of opinion upon this subject; but we are not aware that there is any well-considered case that holds that the action may be maintained, in a state other than that in which the accident occurred, on the same state of facts as here presented, and where there existed in the statutes of the two states upon this subject such dissimilarity of provisions as we find to exist in the statutes of West Virginia and Maryland." *Ash v. Balto. & O. R. Co., supra*, 72 Md. 150, 19 A. 643, 645.

In this case plaintiff's claim is based not only upon the death statute of Texas (title 77, Rev. Civ. Stat. of Texas), but also upon the workmen's compensation law of that state (title 130, Rev. Civ. Stat. of Texas), and its limitations statute (title 91, Rev. Civ. Stat. of Texas), so that it becomes necessary not only to compare title 77 and title 91 of the Texas statutes with article 67, Maryland Code, but also to compare title 130 of the Texas statute with article 101 of the Maryland Code.

The Texas death statute, classified under title 77, Revised Civil Statutes of Texas, among other things provides (1) that no agreement between the owner of any transportation system, industrial or public utility plant, and any person, corporation, trustee, receiver, lessee, or joint-stock company operating the same, shall release such owner or operator from the liability fixed by the article; (2) that an action for "actual damages" may be brought when an injury resulting in the death of any person is caused by the wrongful act of another person natural or corporate, and that such person whose wrongful act or that of his agents caused the injury shall be liable in damages therefor, (3) if the wrongful act is of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury; and (4) that, if the death has been caused by the willful act or

omission or gross negligence of the defendant, exemplary as well as actual damages may be recovered; (5) that the action may be prosecuted although the death has been caused under circumstances amounting in law to a felony; (6) that the action shall be for the sole and exclusive benefit of, and may be brought by, the surviving husband, wife, children, and parents of the deceased, or by either of them for the benefit of all, but, if "none of such parties commence such action within three calendar months after the death of the deceased," the executor or administrator of the deceased shall commence and prosecute the same, unless requested by all such parties not to do so; (7) that, if the defendant in any such action, or if the person against whom, the suit might have been brought if alive, die pending the action, his executor or administrator may be made a party defendant, and the action prosecuted as though such defendant or person "had continued to live"; (8) that, whenever a personal injury to a citizen of Texas or of the United States or of any foreign country, having equal treaty rights with the United States on behalf of its citizens, may be caused by the wrongful act of another in any foreign state or country for which a right to maintain an action and recover damages in respect thereof is given by statute or law of such state or country, such action may be enforced in the courts of Texas within the time prescribed for the commencement of such actions by the statutes of that state. That time is fixed by title 91, "Limitations," Rev. Civ. Stat. of Texas, 1925 (art. 5526, subd. 6) at two years.

A comparison of that statute with article 67 shows points of variance, which may be thus grouped: (1) The Texas statute allows the action to be maintained by the personal representative of the deceased unless within three months after the death such an action is brought by one or more of the persons who would benefit from a recovery under the statute, whereas in this state the action is in the name of the State, and the personal representative has no right at any time either to institute or to prosecute it. *Ash v. Balto. & O. R. Co., supra.* That difference is not a mere technical

distinction in the qualifications of nominal parties, but relates to an actual and substantial right conferred under stated conditions upon foreign officials in respect to the litigation which cannot be conferred upon similar officials in this state under its law. (2) By the Texas statute the action may, in the event of the death of the tort-feasor, whether before or after the action has been commenced but before judgment, be prosecuted against his personal representatives, and such action against such representative may be commenced at any time within the period of limitations applicable to an action under the statute, while in this state it must be commenced within six months after the death of the tort-feasor. Code, Supp. 1929, art. 67, sec. 1. (3) By the Texas statute, where injury was caused by gross negligence, punitive damages may be awarded, while under the Maryland act compensatory damages only may be recovered. It is suggested that this difference is avoided by the plaintiff's waiver of any right to punitive damages, but, since the issue is the similarity of the statutes, and not whether the courts of this state will enforce the penal statutes of another state, the waiver cannot be given that effect.

But the right of the plaintiff to bring this action depends not only on the Texas statute relating to injuries resulting in death (title 77), but also upon title 130, the Texas workman's compensation law, which for the purposes of this case must be read together. In comparing such parts of title 130 of the Texas statute as are material with the provisions of the Maryland workmen's compensation act, it is found that article 8307, section 6a, of the Texas statute provides that, "where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation

be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries," and that, if the insurer, called the "association," pays the compensation awarded, it shall be subrogated to the rights of the injured employee or his beneficiaries and may enforce in his or their names the liability of such third person for the joint use and benefit of the insurer and such employee or his beneficiaries as the case may be, and it further provides that "the association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof."

The Maryland act, Code, art. 101, sec. 58, provides that, where the death or injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insurer to pay damages in respect thereof, and the employee or his beneficiaries elect to claim compensation, and compensation is awarded or paid, the insurer or employer may enforce such liability for its and their benefit, but that, if such employer or insurer shall not, within two months from the award of the State Accident Commission, start proceedings to enforce such liability, then the injured employee, or, in case of his death, his dependents, may enforce it. Under both statutes, in any action brought to enforce such liability, after deducting from the amount recovered the costs and expenses of the suit, the insurer is

first to be reimbursed for compensation paid or awarded and other incidental expenses, and the excess if any is to be paid to the injured employee, or in case of death to his dependents.

The important differences between these provisions of those two statutes is, first, that under the Texas statute no settlement of any action brought to enforce the defendant's liability can be made without the approval of the Texas Industrial Accident Board, while under the Maryland act such litigation may be settled, adjusted, or compromised at any time by the parties; second, under the Texas act, such an action may be brought to enforce such liability only by the insurer, and neither the injured employee nor his dependents can enforce it, nor can they compel the insurer to do so, while under the Maryland statute the liability may be enforced by the employer or the insurer, or, if they or either of them fail to act within two months after the award, by the employee, or, in the event of his death, his dependents.

While undoubtedly the death statutes, and those provisions of the compensation statutes, material to the question raised by this appeal, of the two states, relate respectively to the same subject-matter, and while the purposes of the death and the compensation statutes respectively of each state are in a general sense similar, yet under the decisions in *Ash v. Balto. & O. R. Co.*, supra, and *Dronenburg v. Harris*, supra, that similarity is not sufficient to give the Maryland courts jurisdiction to enforce a right acquired under the Texas statutes, if the policies of the two states, as evidenced by their statutes, differ as to the adjective and procedural machinery provided for the enforcement of the right. That such differences do exist and that they are material and substantial seems clear. To illustrate that, without pointing out the differences in greater detail than has already been done, it is sufficient to indicate those which are the most obvious.

The Texas death statute contains in itself no provision limiting the time within which an action to enforce a right under its provisions must be brought, but, by the general statute of limitations of that state, such an action must be brought within two years after the death of the party injured.

Such a limitation contained in the death statute itself would be treated as a condition precedent to the right to maintain the action and not as a mere limitation of the remedy (*State, use of Slasciewicz v. Parks,* 148 Md. 477, 129 A. 793; 17 C. J. 1234), but that conclusion does not necessarily follow when the act itself contains no reference to the time within which an action to enforce rights arising under it must be brought, but leaves that to be dealt with by a general statute of limitations. *Id.* We have been referred to no judicial interpretation of that provision of the Texas statute by the courts of that state, although in *St. Louis, I. M. & S. Ry. Co. v. McCormick,* 71 Tex. 660, 9 S. W. 540, 543, it is spoken of as a limitation, but it is unnecessary to decide the question in this case, because under the Maryland act, unless within one year from the death an action is brought to enforce the right created by the statute, the right ceases, while, under the Texas statute, whether the time provision is treated as a condition or a limitation, the right continues for two years after the death of the deceased. If the time provision in each statute is treated as a condition, then, as indicated in *Ash v. Balto. & O. R. Co.,* the variance between the periods respectively fixed by the statutes is material, while, if one is a condition and the other a limitation, that in itself would constitute a variance.

By the subrogation provision of the workman's compensation law of Texas, the right to enforce the liability of a person, other than the employer, whose wrongful act caused injury to an employee, entitled to compensation under that act, under circumstances creating a liability to pay damages in respect thereof, is given to the insurer, while under the Maryland statute that right is given first to the insurer, and then, in the event of his failure to exercise it, to the injured employee, or, in case of death, to his dependents.

Under the Texas workman's compensation law, there can be no adjustment or compromise of the liability without the approval of the Texas Industrial Accident Board, while under the Maryland statute that right is in the parties interested.

These and other differences to which reference has been made indicate a dissimilarity, in the relevant statutes of the two states, so important and substantial that, under the rule stated in *Ash v. Balto. & O. R. Co.,* and *Dronenburg v. Harris,* no principle of comity could justify the courts of this state in administering the Texas statutes. *Ash v. Balto. & O. R. Co., supra; Dronenburg v. Harris, supra.* For, as stated in *St. Louis, I. M. & S. Ry. Co. v. McCormick, supra,* by the Supreme Court of Texas: "Statutes are enacted in the several states for the local public good; and as of themselves they have no extraterritorial effect, it is not likely that the effect to be given them by neighboring states has any effect in inducing their enactment. They are not made to be enforced even in comity outside of the state. 'Comity extends only to enforce obligations, contracts, and rights under provisions of law of other countries, which are analogous or similar to those of the state where the litigation arises.' *Rorer on Interstate Law.* 5. * * * It is here held that the cause of action exhibited in the record, arising under and to be determined by the laws of Arkansas, which are so dissimilar in many respects from the Texas statutes, cannot be here enforced."

For these reasons the demurrer to the plaintiff's declaration was properly sustained, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*