### SMITH v. BEVINS et al.
No. 2248.

District Court, D. Maryland.

Nov. 14, 1944.

George W. Phillips, of Philadelphia, Pa., and Briscoe & Jones, of Baltimore, Md., for the plaintiff.

Jack L. Medwedeff and Roszel C. Thomsen, both of Baltimore, Md., for defendants.

CHESNUT, District Judge.

In this case a North Carolina administrator is suing in Maryland on the wrongful death statute of Virginia for the death of his decedent occurring in an automobile collision in Virginia. The jurisdiction of this court is based on diverse citizenship only. The decedent was domiciled in North Carolina where the administrator was appointed, and the latter is a citizen of the State of North Carolina, while the defendants are citizens of Maryland.

Among the defenses in the answer to the complaint is the alleged incapacity of the North Carolina administrator to maintain this suit in Maryland. After filing the answer the defendants have now moved for a summary judgment which may be treated as a motion to dismiss the complaint, or a motion for judgment on the pleadings, Federal Rules of Civil Procedure, Rule 12(c), 28 U.S.C.A. following section 723c, for the reason stated. Counsel for the defendants concede that under the presently applicable law the suit could be maintained here by an administrator appointed in Virginia where the accident occurred, or possibly by an administrator appointed in Maryland which is the forum; but the contention is that the suit may not be maintained by an administrator appointed elsewhere as in North Carolina in the instant case, although the latter State was the domicile of the decedent.

The question presented depends primarily on the proper construction and application of the Virginia statute to be found in the Virginia Code of 1942, §§ 5786–5788, and secondarily on the capacity of the plaintiff to sue in Maryland (see F.R.C.P. Rule 17 (b). This statute provides that suit must be brought within one year after the death of the injured party "by and in the name of the personal representative of such deceased person"; the amount of damages to be awarded to be fair and just as determined by the jury not exceeding $15,000, and the jury may direct in what proportion it may be distributed to the surviving widow or husband or children and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased and the sum so awarded to be free from all debts and liabilities of the deceased; but if there be no such surviving beneficiaries the amount of the judgment when collected by the personal representatives shall be assets in his hands to be disposed of according to law. The complaint in this case alleges that the decedent was survived by her husband and by one minor child.

It will be noted that the Virginia statute requires the suit to be brought by the "personal representative" of the decedent but without further description of that representative. The statute does not prescribe that the personal representative so authorized to sue must be appointed in Virginia or in any other particular jurisdiction; but counsel for the defendants contend that the statute must be construed to mean that the personal representative must be one appointed either in Virginia where the accident occurred, or, where the suit is brought in another State, then the administrator, if not appointed in Virginia, must have been appointed in the State of the forum.

The general subject matter is not new in this court. In Rose v. Phillips Packing Co., Inc., D.C., 21 F.Supp. 485, it was held that a Virginia administrator could maintain a suit here based on the Virginia statute. At the time of the death in that case the Maryland Court refused to entertain suits on foreign statutes similar to the Virginia statute on the ground that the Maryland Lord Campbell's Act was substantially dissimilar to the foreign statute. Ash v. Baltimore & O. R. Co., 72 Md. 144, 19 A. 643, 20 Am.St.Rep. 461; London Guarantee & Accident Co. v. Balgowan, S. S. Co., Ltd., 161 Md. 145, 155 A. 334, 77 A.L.R. 1302; Davis v. Ruzicka, 170 Md. 112, 183 A. 569. The holding of this court to the contrary of these Maryland cases was at the time based on the then currently well established federal decisions. Stewart v. Baltimore & O. R. R. Co. 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537; Weissengoff v. Davis, 4 Cir., 260 F. 16. Since the decision in Rose v. Phillips Packing Co. supra, two legally important events have occurred. In Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the Supreme Court decided that in diverse citizenship cases the federal courts must follow State decisions as well as State statutes. This recent doctrine would, of course, be decisive here except for the fact that effective June 1, 1937, the Maryland rule was changed by statute. Maryland Code of 1939, Art. 67, § 2. This recent statute provides that in suits for wrongful deaths outside of Maryland, in any State, District of Columbia or Territory of the United States, "the Courts of this State shall apply the law of such other state * * * to the facts of the particular case, as though such foreign law were the law of this State." The statute further provided "that the rules of pleading and procedure effective in the Court of this State in which the action is pending govern and be so applied as to give effect to the rights and obligations created by and existing under the laws of the foreign jurisdiction in which the wrongful act, neglect or default occurred;". The wording of this latter provision and its purpose and effect is not entirely clear; and there is no available legislative history to aid the construction. Possibly the draftsman had in view the following section of the Maryland Lord Campbell's Act (Art. 67, § 3) which provides that "every such action * * * shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages;". It is not contended in this case that the action on the Virginia statute should be brought in the name of the State of Maryland. Cf. State of Maryland for Use of Joynes v. Coard, 175 Va. 571, 9 S.E.2d 454. But however that may be, the wording of the provision seems to make it clear enough that despite possible differences in pleading and procedure between the law of the place of the wrong and that of the forum in Maryland, the substantial rights and obligations created by the foreign law are to be enforced in Maryland. And as the foreign statute in this case gives the right of action to the personal repre-

sentative, the strong implication is that the suit can be maintained by the personal representative and need not be maintained in the name of the State of Maryland, which is only a very nominal party.

The precise point in the instant case was not adjudicated in Rose v. Phillips Packing Co. supra, because the suit was there brought by a Virginia administrator; but in a later case in this court, Willis v. Pan-American Refining Co., D.C., 26 F.Supp. 990, an Ohio administrator of a deceased seaman, fatally injured in Louisiana, was permitted to sue in this court. Ohio was apparently his domicile. In that case the right of action was also given (by the federal Jones Act, 46 U.S.C.A. § 688) to "the personal representative" of the decedent without further specification or description. Both the Rose and Willis Cases were settled without trial and without appeal.

 One of the objections urged in the instant case by counsel for the defendants to the capacity of the North Carolina administrator to sue is based on the general rule that foreign administrators or executors have no authority to maintain suits in a State other than that of their appointment; and that local administration must be granted to maintain the suit. The reason for this rule is, of course, the protection of local creditors. In Maryland this rule is thus expressed—"Nothing is better settled than that such appointment and qualification (of a foreign administrator) had no extra-territorial effect, and conferred on them no right to maintain a suit in Maryland, upon the cause of action *belonging to their testator.*" (Italics supplied) Wright, Ex'r v. Gilbert, 51 Md. 146, 152; and again it was said in Von Lingen v. Field, 154 Md. 638, 647, 141 A. 390, 394, 927—"It has been held by this court that executors who have not obtained letters testamentary in Maryland have no right to sue here upon a cause of action *belonging to the testator.* Wright v. Gilbert, 51 Md. 146; Citizens' Nat. Bank [of Baltimore] v. Sharp, 53 Md. 521." See also Maryland Code of 1939, Art. 93, §§ 80–82. But, as is pointed out in Rose v. Phillips Packing Co., and Willis v. Pan-American Refining Co., supra, this rule has no proper application to the instant case where a foreign administrator sues, not upon a cause of action belonging to the decedent, but as a designee under a statute which

confers a right of action, not for the benefit of the decedent's estate, but for the recovery of a trust fund for the exclusive benefit of certain specified beneficiaries named in the statute. Counsel for the defendants has not referred me to any Maryland case or statute, nor do I know of any, that would prohibit suit by a foreign administrator in a case of this kind. The Maryland cases above cited which refuse to permit suits in Maryland based on foreign statutes of this nature, were put upon the ground of their dissimilarity to the Maryland statute, and not on the ground that the suit was by a foreign administrator as such. I do not know any considerations of Maryland public policy that would prohibit the suit in this case by a North Carolina administrator. Furthermore, it seems to be implicit in the 1937 amendment to the Maryland statute that suit can be maintained here to enforce the Virginia statute by the person designated therein as competent to sue; and indeed counsel for the defendants in this case concede that a Virginia administrator could maintain this suit. It is obvious that a Virginia administrator would be just as much a foreign administrator as the North Carolina administrator who is the plaintiff in this case. Therefore the view that the plaintiff does not have the capacity to sue because he is a foreign administrator must be rejected.

 It is suggested that the Virginia statute in certain contingencies authorizes a suit for the benefit of the decedent's estate and therefore the usual prohibition against suit by a foreign administrator should be applied. But the only contingency on which any recovery for the decedent's estate would be permissible is precluded by the facts alleged in the complaint, that is, that the decedent was survived by certain statutorily entitled beneficiaries. A similar possible objection was considered and rejected in the Rose case, supra, 21 F.Supp. at page 487. See also Richmond, F. & P. R. Co. v. Martin's Adm'n, 102 Va. 201, 45 S.E. 894.

 The principal contention for the defendants in the instant case is that the Virginia statute properly construed requires the suit to be by a personal representative appointed in Virginia. No Virginia State decision has been referred to in support of this construction. It is urged, however, that certain decisions of the federal court in the Western District of Virginia are

to that effect. I do not think they should be so considered. In Lusk's Adm'rs v. Kimball, 4 Cir., 87 F. 545, District Judge Paul, Sr., refused to permit Tennessee administrators to maintain a suit for wrongful death occurring in Virginia, under this Virginia statute. The reason advanced for the decision was that there was no statute in Virginia authorizing a foreign administrator to sue in any case. After the institution of suit in that case the foreign administrators took out domestic letters in Virginia and applied for leave to amend by so stating. This amendment was refused by the District Judge but the later ruling was reversed by the Court of Appeals. Hodges v. Kimball, 4 Cir., 91 F. 845. The Court of Appeals not only permitted the amendment to be made but the reasoning of Judge Waddill's opinion in citing Dennick v. Central R. Co. of New Jersey 103 U.S. 11, 26 L.Ed. 439, seems to quite clearly indicate that the enforcement of the Virginia statute was not exclusively committed to a personal representative appointed in Virginia. In a later case in the Western District of Virginia (Pearson v. Norfolk & W. R. Co., 286 F. 429) Judge McDowell permitted a North Carolina administrator to sue on the West Virginia wrongful death statute which also gave the right of action to the "personal representative" of the decedent for the benefit of his next of kin. The only material difference between the Virginia and West Virginia statutes is that the former does, while the latter does not, allow the maintenance of the action for the general benefit of the decedent's estate, where there are no statutory beneficiaries. For the reasons stated in Rose v. Phillips, supra, and also hereinabove, I consider this difference between the two statutes immaterial in the instant case. Judge McDowell rejected the view that the only person qualified to sue would be a local administrator. He adopted the distinction heretofore pointed out that the ordinary rule forbidding a foreign administrator to collect assets was not applicable to a case where the plaintiff is suing not for the benefit of the estate generally, including creditors, but only for a designated class of beneficiaries. In that case the defendant conceded that the representative appointed by the court of the decedent's domicile (North Carolina) was the personal representative intended by the West Virginia statute. See also Nelson v. Chesapeake & O. R. Co., 88 Va. 971, 14 S.E. 838, 15 L.R.A. 583.

Counsel for the defendants call attention to the A.L.I. Restatement of Conflict of Laws, § 396, which reads:

"If the death statute of the state of wrong provides that suit for the death shall be brought by the personal representative of the deceased, recovery can be had only by a *person qualified to sue at the forum* as the personal representative of the deceased." (Italics supplied)

Defendants' counsel apparently consider this statment to mean that only an administrator locally appointed in the forum is a "person qualified to sue at the forum as the personal representative of the deceased," unless there is an affirmative statute to the contrary. It is not entirely clear to me that this is the necessary implication of the statement, although possibly comment "b" gives color to the view advanced. Comment "b" reads as follows:

"Suits by foreign administrator. The common law rule is that an administrator can sue only in the State in which he is appointed (See s. 507). In some States, by statute, a foreign administrator is allowed to sue (see s. 507)."

Section 507 reads "in the absence of a statute permitting it, a foreign administrator cannot sue to recover a claim belonging to a decedent." The rationale of the comment relates the rule to the old familiar doctrine of protection of creditors. I doubt its applicability to a case of the instant nature; but nevertheless if it is so applicable, I construe the Maryland statute of 1937 as sufficiently affirmative to satisfy the rule. In any event, I take it, by Erie R. Co. v. Tompkins, supra, and F. R. C. P. Rule 17(b), supra, the matter must be determined by the Maryland law. There is no Maryland decision which forbids the maintenance of a suit by a foreign administrator in this type of action. In Ash v. Baltimore & O. R. Co., 72 Md. 144, 148, 19 A. 643, 20 Am.St.Rep. 461, Judge Alvey said that a Maryland administrator could not sue in Maryland under a West Virginia statute. However, that case dealt principally with the underlying proposition that foreign death statutes were not then enforceable in Maryland by reason of their dissimilarity to the Maryland statute, and, as heretofore pointed out, this Maryland rule has now been reversed by the Act of 1937, which, as I read it, seems to impliedly if not expressly, permit the enforcement of other State statutes of this character by a duly appointed personal representative

whether local or foreign. This amending statute was obviously passed to reverse the policy of the Maryland court which had been consistently theretofore applied in a number of cases, the latest of which was Davis v. Ruzicka, supra, decided just a year before the passage of the amendment.

The effect of the changed State policy was to range Maryland along with many other jurisdictions which have shown liberality in permitting the enforcement here of suits based on the wrongful death statutes of other States. It does not seem consistent with the new State policy to narrowly restrict the enforcement of such statutes by limiting the right to sue to an administrator appointed by some particular State when all the foreign statute requires is that the suit be brought by the personal representative. Any duly appointed representative would seem to gratify such a statute, as this court held in Willis v. Pan-American Refining Co. supra. It is not disputed that the domiciliary administrator of the decedent who is suing in this case was a duly appointed personal representative of the decedent. In Vol. II, Maryland Law Rev. pp. 168, 171, in a case note reviewing the Maryland statute, it is, I think, correctly said:

"It would seem that a liberal forum should adopt the view that suit may be brought by any appropriately appointed administrator unless recovery has already been had elsewhere in the same cause of action, and that since he sues as a statutory trustee (or possibly as a trustee under the forum's conflict of laws rule) he need not have letters of administration from the forum."

The same subject matter, that is, what personal representative may sue, is also discussed by Prof. (now Circuit Judge) Goodrich, on Conflict of Laws (1938), § 101; and by Prof. Beale, Conflict of Laws (1935), § .396.1. The numerous cases cited by these two eminent authors of course show a conflict of decisions with respect to suit by the foreign representative; but the sounder view, in my opinion, is announced by the courts which now adopt a liberal rule with respect to who may sue. Goodrich, p. 255, sums this up as follows:

"If the forum does not require the administrator to be locally qualified, there seems no reason for an inflexible rule as to which administrator should be considered a proper plaintiff. The defendant, if he pays to an authorized plaintiff is discharged from further liability. It should be immaterial to him by whom the suit is brought. No one is injured by allowing an action to be brought wherever the defendant may be legally served, either by the personal representative appointed at the locus delicti, the decedent's domicile, the place where the defendant has assets out of which the claim under the wrongful death act may be satisfied, or at any place having jurisdiction over the defendant."

See also 85 A.L.R. 1231, 1250 (1933).

More importantly here, this liberal view as to who may maintain the suit has been very definitely approved by the Circuit Court of Appeals of this Fourth Circuit in a very fully considered opinion by Judge Dobie. Rybolt v. Jarrett, 112 F.2d 642. The liberal rule there approved was not applied in the particular case, but only because the court construed the locally applicable West Virginia statute to clearly forbid any suit by a foreign administrator. I find no comparable Maryland statute although those heretofore referred to (Maryland Code, Art. 93, §§ 80–82) doubtless imply that ordinarily a foreign administrator as such may not sue here for the collection of assets belonging to the estate of the decedent. But I find no sufficient reason to imply from these Maryland statutes a prohibition such as was found in the West Virginia statute in the Rybolt case, to positively prohibit a suit of the instant kind by a foreign administrator. The effect of the Maryland amendment of 1937 seems plainly enough to the contrary.

The only substantial objection to such a liberal rule would seem to be the possibility that the defendant might be subjected to two or more suits by administrators appointed in different jurisdictions. For illustration of such a possibility see Atlantic Greyhound Lines, Inc., v. Keesee, 72 App. D.C. 45, 111 F.2d 657. This same possible difficulty was also discussed in this court in the Willis case, 26 F.Supp. at page 993, 994. And see also Anderson v. Louisville & N. R. Co., 6 Cir., 210 F. 689, where it was pointed out that as the right of action was given for the benefit of particular dependents, and not for the personal benefit of the personal representative as plaintiff, the court had the inherent power over its own judgment to see that the recovery was properly applied for the real benefit of the proper beneficiaries.

But however that may be, the possibility of double vexation to the defendants does

not exist in this case. From the pleadings it appears that the present plaintiff is the only personal representative who has been appointed in any jurisdiction. The Virginia statute limits the time for suit to one year from the death of the decedent, and it also appears from the pleading that time has now expired. And it follows therefrom that if the present suit by the North Carolina administrator is not maintainable, the defendants can never be required to answer the merits of the complaint unless possibly local administration is obtained by the plaintiff and the suit amended and the amendment held not to constitute a new cause of action. From what has heretofore been said there is no substantial reason for requiring local administration in this case. At the most, it is a bare formality or technicality. On the other hand, it is quite clear that any recovery against the defendants in this case would be an end to their liability because there is no possibility of another suit against them in view of the time limitation.

I conclude that the motion for summary judgment or for dismissal of the complaint must be and it is hereby overruled.