537 A.2d 274

**Della L. NEWMAN**

v.

**SUBSEQUENT INJURY FUND et al.**

**No. 116, Sept. Term, 1987.**

Court of Appeals of Maryland.

Feb. 25, 1988.

Cynthia S. Miraglia (Robert A. Flack and Ashcraft & Gerel, on brief), Landover, for appellant.

John T. Beamer II, Associate Co. Atty. (Larnzell Martin, Jr., Co. Atty. and Michael O. Connaughton, Deputy Co. Atty., on brief), Upper Marlboro, for appellees.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

Maryland Code (1957, 1985 Repl.Vol.) Art. 101 (Workmen's Compensation), § 33(c) provides inter alia:

> Whenever by statute, charter, ordinances, resolution, regulation or policy adopted thereunder, whether as part of a pension system or otherwise, any benefit or benefits are furnished employees of employers covered under § 21(a)(2) of this article [1] ..., the benefit or benefits when furnished by the employer shall satisfy and discharge pro tanto or in full as the case may be, the liability or obligation of the employer and the Subsequent Injury Fund for any benefit under this article. If any benefits so furnished are less than those provided for in this article the employer or the Subsequent Injury Fund, or both shall furnish the additional benefit as will make up the difference between *the benefit furnished and the similar benefit required in this article.*

(Emphasis added.) We are called upon to ascertain what the legislature intended by § 33(c) and to effectuate that intent by applying it to the following undisputed facts.

Della L. Newman, an employee of Prince George's County, sustained a work-related injury. The Workmen's Compensation Commission determined that she suffered an 80 percent industrial loss of the use of her body, 40 percent of

---

1. Maryland Code (1957, 1985 Repl.Vol.) Art. 101, § 21(a)(2) includes each county of the State as an employer subject to the provisions of the article.

which was from a preexisting condition. The Commission awarded her permanent partial disability compensation in the amount of $89 for 400 weeks. The employer was ordered to pay the first 200 weeks and the Subsequent Injury Fund the remaining 200 weeks. In the meantime, Newman had returned to work, carrying out the duties that she had performed before her injury. About two months later she elected to retire and became eligible for benefits in the amount of $77.82 per week under the county pension plan.

About a year and a half after Newman's retirement, the county stopped the payments ordered by the Commission on the ground that the retirement benefits were an offset against the disability award. Upon a hearing, the Commission denied the setoff. On appeal to the Circuit Court for Prince George's County, the court entered summary judgment in favor of the county and the Fund and granted them an "offset against any partial permanency award in an amount equal to [Newman's] retirement pension benefits." Newman looked to the Court of Special Appeals. It affirmed the circuit court. *Newman v. Subsequent Injury Fund*, 71 Md.App. 529, 526 A.2d 631 (1987). We granted Newman's petition for a writ of certiorari to resolve the question whether in the circumstances here Code, Article 101, § 33(c) operated to permit the setoff.

We have declared time and time again that when we seek to ascertain and effectuate legislative intent, the primary source is the language of the statute itself. This language must be given its natural and ordinary signification, bearing in mind the statutory aim and objective. *Boulden v. Mayor and Commissioners of the Town of Elkton*, 311 Md. 411, 413, 535 A.2d 477 (1988), citing *In Re Ramont K.*, 305 Md. 482, 484, 505 A.2d 507 (1986), and *Kaczorowski v. City of Baltimore*, 309 Md. 505, 525 A.2d 628 (1987). If reasonably possible, a statute is to be read so that no word, phrase, clause or sentence is rendered surplusage or meaningless. *Prince George's Co. v. White*, 275 Md. 314, 319, 340 A.2d 236 (1975).

We apply these principles to § 33(c). It is perfectly clear that the word "similar" in the phrase "the benefit furnished and the similar benefit required in this article," near the end of the section, qualifies the provision at the beginning of the section as to the benefits furnished employees by employers. Neither as a matter of grammar nor of substance is there a "reasonable distinguishing purpose to suggest that ["similar"] was not intended to be implicit in the foregoing sentences." *Oros v. City of Baltimore,* 56 Md. App. 685, 689, 468 A.2d 693 (1983), *aff'd on other grounds, City of Baltimore v. Oros,* 301 Md. 460, 483 A.2d 748 (1984). It follows that for the setoff to come into play, the two benefits received must be "similar."

Newman was awarded workmen's compensation because of the impairment of the industrial use of her body as a result of her work-related injury. On the other hand, it appears that she was entitled to the benefits under the retirement plan merely because she had elected to retire after attaining a prescribed age and 20 years service with the county. The payment of these benefits had no relation whatsoever to her injury and the disability resulting therefrom. Age and length of service were not a prerequisite for her entitlement to workmen's compensation benefits; anatomical disability was not a prerequisite for her entitlement to the retirement benefits. In short, her retirement payments were an age and length of service benefit; her workmen's compensation award was a disability benefit. The two benefits were not similar and not comparable. Therefore, the offset provisions of § 33(c) were not applicable.

We have had occasion to visit § 33(c) in the past, and although we have never addressed the precise question before us, the tenor of the section as reflected in our opinions is that the offsetting benefits be "similar" ones. In *Frank v. Baltimore County,* 284 Md. 655, 399 A.2d 250 (1979), we held that it was proper to offset *disability* pension benefits against workmen's compensation benefits. We observed:

Upon reading section 33 the scheme that unmistakably emerges is that the General Assembly wished to provide only *a single recovery for a single injury* for government employees covered by both a pension plan and workmen's compensation.

*Id.* at 659, 399 A.2d 250 (emphasis added). In *Feissner v. Prince George's Co.*, 282 Md. 413, 384 A.2d 742 (1978), we allowed an offset when county pension *disability* benefits and workmen's compensation benefits were involved. *Id.* at 420–421, 384 A.2d 742. In *Mazor v. State, Dep't of Correction*, 279 Md. 355, 369 A.2d 82 (1977), we applied the statute to an offset as to a State accidental disability pension and benefits under the workmen's compensation laws. We stated:

The cases cited by Mazor for the proposition that one may receive full workmen's compensation benefits while receiving other *disability payments* are distinguishable because all of the cases involved a meshing of federal and state programs.

*Id.* at 363, 369 A.2d 82 (footnote omitted). We conceded that "the statutory schemes throughout the country evidence a variety of approaches...." *Id.* at 364, 369 A.2d 82. "[B]ut," we emphasized, "in any event, the express provision in our statute is controlling here." *Id.*[2]

In *Nooe v. City of Baltimore*, 28 Md.App. 348, 345 A.2d 134 (1975), *cert. denied*, 276 Md. 748 (1976), the Court of Special Appeals observed:

It has long been the policy of the General Assembly, as expressed in its legislative enactments, that an employee of the government shall not receive workmen's compensation benefits in addition to other benefits furnished by the

---

**2.** We note that *Harris v. City of Baltimore*, 306 Md. 669, 511 A.2d 52 (1986), in which we allowed an offset between pension benefits and workmen's compensation benefits, did not involve the applicability of Maryland Code (1957, 1985 Repl.Vol.) Art. 101, § 33(c) but was concerned with § 64A(b) of Art. 101. But there again it appears that the pension benefits were payable because of the disability entitling the recipient to workmen's compensation.

employer *accruing by reason of an accidental injury* arising .out of and in the course of employment.

*Id.* at 349, 345 A.2d 134 (emphasis added). In *Mazor* we regarded *Nooe* as persuasive, 279 Md. at 363, 369 A.2d 82, and in *Frank* we supported our construction of the legislative intent in § 33 to provide only "a single recovery for a single injury for government employees covered by both a pension plan and workmen's compensation" with *Nooe's* tracing of the legislative history of the section. *Frank,* 284 Md. at 659, 399 A.2d 250.

In *Oros v. City of Baltimore,* 56 Md.App. 685, 468 A.2d 693, the Court of Special Appeals determined that for offset to apply under § 33(c), the two benefits must be similar. Finding that the benefits there were not similar, the court held that there could be no offset. We affirmed the judgment of the Court of Special Appeals on certiorari but we took a different tack in doing so. *City of Baltimore v. Oros,* 301 Md. 460, 483 A.2d 748. We did not address the legislative intent in referring to a "similar" benefit nor did we consider whether the benefits in that case were or were not "similar." We reached our decision on the rule that two distinct workmen's compensation obligations may not offset one another where there is an excess payment under the first of the two obligations. *Oros,* 301 Md. at 470, 483 A.2d 748. *See Newman,* 71 Md.App. at 535, 526 A.2d 631. Our *Oros* is of no guidance here.

Several of our cases, *supra,* concerned with § 33(c), and the Court of Special Appeals in this case, look to 4 A. Larson, The Law of Workmen's Compensation § 97.10, at 18–9 (1979):[3]

Wage-loss legislation is designed to restore to the worker a portion, such as one-half to two-thirds, of wages lost due to the three major causes of wage-loss: physical disability, economic unemployment, and old age. The crucial operative fact is that of wage loss; the cause of

---

**3.** There is no change in the 1987 edition.

the wage loss merely dictates the category of legislation applicable. Now if a workman undergoes a period of wage loss due to all three conditions, it does not follow that he should receive three sets of benefits simultaneously and thereby recover more than his actual wage. He is experiencing only one wage loss and, in any logical system, should receive only one wage-loss benefit.

(Footnote omitted.) Our cases, however, were all decided in the context of dual benefits accruing by reason of the same injury, that is, two benefits being paid stemming from the same cause. Moreover, Larson's endeavor to coordinate workmen's compensation and all "other wage-loss benefits" was not made in the light of our statute, nor does he refer to a comparable statute. Our statute focuses only on dual recoveries for a single on-the-job injury. Section 33(c) does not encompass setoffs for every type of wage-loss benefit available as Larson attempts to do. It is our statute which governs, not Larson's generalizations.

Furthermore, despite the belief of the Court of Special Appeals "that both Article 101 benefits and nondisability retirement pay are wage loss benefits," 71 Md. at 537, 526 A.2d 631, citing Larson, it is not at all clear that in Maryland public nondisability pension benefits are such wage loss benefits as Larson envisions in his comments. Benefits paid judges under a public pension plan accruing by reason of a certain age and length of service have been deemed by this Court to be "a fully vested grant." *Chairman of Board v. Waldron*, 285 Md. 175, 180, 401 A.2d 172 (1979). In *Attorney General v. Waldron*, 289 Md. 683, 426 A.2d 929 (1981), we said: "Judicial pensions serve as both inducements to enter the judiciary and rewards for years of service; it is thus a form of deferred compensation and not a substitute earnings plan." *Id.* at 723, 426 A.2d 929. *See Clark v. Tawes*, 187 Md. 195, 200, 49 A.2d 463 (1946). *See also Hargrove v. Board of Trustees*, 310 Md. 406, 430–431, 529 A.2d 1372 (1987), McAuliffe, J., dissenting, (A judicial pension is deferred compensation). The same rationale may be applicable to benefits paid by reason of age and length of

service under pension plans for public employees. We believe that Larson's quoted views have no material bearing on the question we here decide.

Our cases have made it abundantly clear, as the Court of Special Appeals discovered, that the legislature "intended to preclude double-dipping into the same pot of *comparable* benefits." *Oros,* 56 Md.App. at 694, 468 A.2d 693 (emphasis added). The corollary is, that when the benefits are dissimilar, the setoff provisions of § 33(c) do not apply. We have not heretofore specifically said this, but we say it today.

We have concluded that the benefits paid Newman were not similar in the contemplation of § 33(c). It follows that the Court of Special Appeals erred in holding that the employer and the Subsequent Injury Fund were "entitled to a setoff pursuant to section 33(c) in the amount paid [Newman] under [her] pension." *Newman,* 71 Md.App. at 537, 526 A.2d 631. We so hold.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; COSTS TO BE PAID BY APPELLEES.