736 A.2d 391

**Barbara A. REYNOLDS**

v.

**BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY (On Remand).**

No. 1858, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Sept. 2, 1999.

Thomas Teodori (Chasen & Boscolo, Chartered, on the brief), Greenbelt, for Appellant.

Andrew W. Nussbaum and Wanda G. Caporaletti (Reichelt, Nussbaum, LaPlaca & Miller, on the brief), Greenbelt, for Appellee.

Argued before EYLER, MARVIN H. SMITH (Ret., specially assigned) and ROBERT L. KARWACKI (Ret., specially assigned), JJ.

EYLER, Judge.

This appeal is from an order of the Circuit Court for Prince George's County granting summary judgment in favor of the Board of Education of Prince George's County, appellee. The question presented on appeal is whether the Board was entitled to apply ordinary disability retirement benefits owed to Barbara A. Reynolds, appellant, as a credit to workers' compensation benefits also owed to appellant. Md.Code (1991 Repl.Vol.), Lab. & Empl. (LE) § 9–610. In an unreported opinion filed on July 30, 1998, we affirmed the judgment of the circuit court. The Court of Appeals granted certiorari, and by order filed April 12, 1999, vacated the judgment entered by this Court and remanded the case for reconsideration in light of *Blevins v. Baltimore County*, 352 Md. 620, 724 A.2d 22 (1999). On reconsideration, we again affirm the judgment of the circuit court.

## Facts

Beginning in 1975 appellant was employed as a bus driver by appellee and at all times pertinent to this appeal was a member of the Employees' Pension System. Appellant was exposed to diesel fuel and its fumes while operating a bus, and as a result of the exposure, began to suffer from a variety of health problems including headaches, respiratory difficulties, and skin irritations. On March 4, 1993, appellant filed a claim with the Workers' Compensation Commission (the Commission) alleging that she became disabled on March 2, 1993 as a

result of an occupational disease. On December 20, 1995, the Commission awarded appellant a 60% permanent partial disability to the body as a whole as the result of a work-related occupational disease resulting from exposure to diesel fuel.[1] The benefits were payable at the rate of $246 weekly beginning September 27, 1994, for a period of 400 weeks.

On September 3, 1993, appellant applied for accidental disability retirement benefits from the employees' retirement system as the result of her health problems resulting from exposure to diesel fuel and fumes. A medical board established by the Board of Trustees of the Maryland State Retirement and Pension System (Board of Trustees) denied appellant's claim for accidental disability retirement benefits but granted ordinary disability retirement benefits. The medical board approved ordinary disability retirement benefits based on a finding of chronic asthma with an allergic reaction to fuel and diesel fumes. Appellant appealed the denial of accidental disability retirement benefits, and on appeal, an administrative law judge supported the medical board's determination and recommended that the Board of Trustees deny the application for accidental disability retirement benefits. The administrative law judge's recommendation was based on a finding that there had been no "accident," and at most, appellant suffered from an occupational disease. The administrative law judge further observed that appellant had a pre-existing asthmatic condition which was merely exacerbated by exposure to diesel fuel, which did not entitle her to accidental disability benefits. The Board of Trustees adopted the administrative law judge's recommendation. As a result, appellant was denied accidental disability retirement benefits but was awarded ordinary disability retirement benefits effective November 1, 1993.

The Commission, in its December 20, 1995 order, held that appellee was not entitled to a setoff for ordinary disability retirement benefits because they were not "similar" to workers' compensation benefits.

---

1. The Commission also awarded other benefits which are not relevant to the issue before us.

Appellee petitioned for judicial review and filed a motion for summary judgment contending that it was entitled to a setoff. On July 30, 1997, the circuit court granted the motion for summary judgment and held that appellee was entitled to a credit to workers' compensation benefits for ordinary disability retirement benefits. Appellant appealed to this Court, and in an unreported opinion filed on July 30, 1998, we affirmed the judgment of the circuit court. In doing so, we held that this case was controlled by LE § 9–610(a), as recodified in 1991, and our holding in *Wills v. Baltimore County*, 120 Md.App. 281, 707 A.2d 108 (1998), *rev'd sub nom., Blevins v. Baltimore County*, 352 Md. 620, 724 A.2d 22 (1999). In *Wills,* this Court construed the meaning of LE § 9–610(a) and stated:

> [T]he clear language of L.E. § 9–610(a) no longer draws a distinction between retirement or pension benefits that are service-related and those that accrue due to disability. That the "similar benefit" phrase once appeared in the statutory predecessor to L.E. § 9–610(a) does not lead logically to the conclusion that the concept still applies to the statute, absent the language. Indeed, it compels the contrary conclusion: that the Legislature intended by its clear language to eliminate the distinction that once existed in the law.

120 Md.App. at 306, 707 A.2d 108.

In *Wills,* based on the deletion of "similar" in LE § 9–610(a), we held that workers' compensation benefits were offset by service retirement benefits, even though receipt of the retirement benefits was unrelated to the injury upon which the workers' compensation award was based. We applied that reasoning to this case and concluded that if service retirement benefits may be offset against workers' compensation benefits, then ordinary disability retirement benefits necessarily may be offset against workers' compensation benefits.

■ In *Blevins v. Baltimore County,* 352 Md. 620, 724 A.2d 22 (1999), the Court of Appeals reversed our holding in *Wills* and stated that the deletion of the word "similar" as part of

the recodification of § 9–610(a) in 1991 did not effect a substantive change and that the requirement of similarity for an offset still exists in the law. Service retirement benefits are not similar to accidental disability benefits. *Newman v. Subsequent Injury Fund,* 311 Md. 721, 724, 537 A.2d 274 (1988). As a consequence of that holding, the Court of Appeals, as stated previously, vacated the judgment entered by this Court in this case and remanded it for reconsideration. We affirm the judgment of the circuit court for reasons which follow.

Participants in the Maryland State Retirement and Pension System, including appellant, may be eligible for three different types of retirement benefits: service retirement benefits pursuant to Title 22 of the State Personnel and Pensions Article, ordinary disability retirement benefits or accidental disability retirement benefits pursuant to Title 29 of the State Personnel and Pensions Article. The Board of Trustees shall grant an accidental disability retirement allowance

to a member if:

(1) the member is totally and permanently incapacitated for duty as the natural and proximate result of an accident that occurred in the actual performance of duty ... and

(2) the medical board certifies that:

(i) the member is mentally or physically incapacitated for the further performance of the normal duties of the member's position;

(ii) the incapacity is likely to be permanent; and

(iii) the member should be retired.

Md.Code (1997 Repl.Vol.), State Pers. & Pens. § 29–109.

The Board of Trustees shall grant an ordinary disability retirement allowance

to a member if:

(1) the member has at least five years of eligibility service; and

(2) the medical board certifies that:

(i) the member is mentally or physically incapacitated for the further performance of the normal duties of the member's position;

(ii) the incapacity is likely to be permanent; and

(iii) the member should be retired.

Md.Code (1997 Repl.Vol.), State Pers. & Pens. § 29–105.

During the time pertinent to this appeal, Md.Code Labor & Employment (1991 Repl.Vol.), § 9–610 provided in relevant part:

(a) *Covered employee of governmental unit or quasi-public corporation.*—(1) If a statute, charter, ordinance, resolution, regulation, or policy, regardless of whether part of a pension system, provides a benefit to a covered employee of a governmental unit or a quasi-public corporation that is subject to this title under § 9–201(2) of this title or, in case of death, to the dependents of the covered employee, payment of the benefit by the employer satisfies, to the extent of the payment, the liability of the employer and the subsequent injury fund for payment of benefits under this title.

(2) If a benefit paid under paragraph (1) of this subsection is less than the benefits provided under this title, the employer, the Subsequent Injury Fund, or both shall provide an additional benefit that equals the difference between the benefit paid under paragraph (1) of this subsection and the benefits provided under this title.

. . . .

(c) *Powers of Commission.*—(1) The Commission may:

(i) determine whether any benefit provided by the employer is equal to or greater than any benefit provided for in this title; and

(ii) make an award against the employer or the Subsequent Injury Fund or both to provide an additional benefit that equals the difference between the benefit provided by the employer and the benefits required by this title.

In *Newman v. Subsequent Injury Fund,* 311 Md. 721, 724, 537 A.2d 274 (1988), the Court of Appeals, citing principally

*Frank v. Baltimore County*, 284 Md. 655, 399 A.2d 250 (1979), concluded that it was implicit in prior opinions of the Court that disability pension benefits would be offset against similar workers' compensation benefits. In *Newman*, the Court held that it was improper to offset service retirement benefits against workers' compensation benefits because those benefits were not similar. *Id.* In *Frank*, the Court of Appeals stated that the Legislature, in what is now LE § 9–610, intended to provide only a single recovery for a single injury for government employees covered by a retirement plan and workers' compensation. 284 Md. at 659, 399 A.2d 250.

■ We hold, on the facts of this case, that the ordinary disability retirement benefits awarded to appellant are similar to the workers' compensation permanent partial disability benefits awarded to appellant, and the offset provision applies.

■ In the case before us, there was a single medical condition caused by appellant's exposure to diesel fuel while suffering from an asthmatic condition. Appellant claimed the same medical condition and physical incapacity and submitted the same evidence to both the medical board and the Commission. The Workers' Compensation Commission law recognizes that an occupational disease may be compensable, and in fact, the Commission awarded compensation in this case. The State Retirement and Pension System awards disability retirement benefits for an accidental injury but does not recognize a work-related occupational disease. On the other hand, ordinary disability retirement benefits are awarded based on a disability if non-accidental and whether or not work-related. In this case, the same physical incapacity on the part of appellant formed the basis for the workers' compensation award and for the ordinary disability retirement award. The ordinary disability retirement benefit is tantamount to a wage loss benefit similar to a workers' compensation award to the extent that the benefits are payable prior to a point in time when service retirement benefits would have been payable in the absence of disability or to any amount in excess of service retirement benefits. We reach this conclusion even though

computation of the benefit does not depend on the amount of the particular employee's wages. Consequently, the offset provision applies for that period of time prior to the date on which ordinary service benefits would have begun absent the disability which formed the basis for both the workers' compensation award and the ordinary disability retirement award or to any amount in excess of service retirement benefits if and when service retirement benefits are payable.[2]

We note that the workers' compensation benefits were payable beginning September 27, 1994, for a period of 400 weeks, and the ordinary disability retirement benefits were payable beginning November 1, 1993. The workers' compensation award was for a period of weeks after retirement, and assuming the offset provision was applied, it appears that it was properly applied. *See Blevins,* 352 Md. at 626–27, 724 A.2d 22. In any event, the specific application of the offset provision is not before us—only whether it applies.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

**2.** It is not clear from the record, but it appears appellant would not be eligible for service retirement benefits within the period of time for which workers' compensation benefits are payable. She was age 50 and employed approximately 18 years as of 1993.