*Norman-Bradford v. Baltimore County Public Schools, et al.*
No. 2536, September Term 2016
Opinion by Nazarian, J.

**HEADNOTES**

WORKERS' COMPENSATION ACT — APPLICATION TO ORDINARY DISABILITY RETIREMENT BENEFITS — MD. CODE. ANN. (1991, 2016 REPL. VOL.), LAB. & EMPL. ART. § 9-610 OFFSET PROVISION APPLIES

In light of the 2004 amendment of § 29-118 of the State Personnel & Pension Article ("SP"), a retiree employed by a county board of education who receives ordinary disability retirement benefits through that employer remains subject to the offset provision in § 9-610 of the Labor and Employment Article ("LE"), not the offset provision in SP § 29-118.

WORKERS' COMPENSATION ACT — MD. CODE ANN. (1991, 2016 REPL. VOL.), LAB. & EMPL. ART. § 9-610 — OFFSET FOR PAYMENT OF BENEFITS THAT ARE "SIMILAR BENEFITS" TO WORKERS' COMPENSATION BENEFITS — APPLICATION TO ORDINARY DISABILITY RETIREMENT BENEFITS

Ordinary disability retirement benefits are "similar" to workers' compensation benefits, and the statutory offset in LE § 9-610 applies, when the record reflects that the same physical incapacity for which ordinary disability retirement benefits were awarded forms the basis for the workers compensation benefits.

WORKERS' COMPENSATION ACT — MD. CODE ANN. (1991, 2016 REPL. VOL.), LAB. & EMPL. ART. § 9-610 — OFFSET FOR PAYMENT OF BENEFITS THAT ARE "SIMILAR BENEFITS" TO WORKERS' COMPENSATION BENEFITS — APPLICATION TO ORDINARY DISABILITY RETIREMENT BENEFITS — ORDINARY DISABILITY RETIREMENT BENEFITS AWARDED ON THE BASIS OF A PREEXISTING MEDICAL CONDITION

When a claimant suffers an injury involving a preexisting condition that is triggered or exacerbated by an accidental injury, LE § 9-610 offset still applies, even if the Maryland State Retirement Pension System and Worker's Compensation Commission awarded benefits for the same injury but found different causes for that injury.

Circuit Court for Baltimore County
Case No. 03-C-15-002983

_____

CLAUDETTE NORMAN-BRADFORD

v.

BALTIMORE COUNTY PUBLIC SCHOOLS,
*et al.*

_____

Wright,
Nazarian,
Leahy,

JJ.

_____

Opinion by Nazarian, J.
_____

Filed:  April 30, 2018

Claudette Norman-Bradford suffered an accidental injury while working for the Board of Education of Baltimore County (the "Employer"). She filed a claim with the Workers' Compensation Commission (the "Commission") and was awarded workers' compensation benefits. She also applied for *accidental* disability retirement benefits from the Maryland State Retirement and Pension System ("SRPS"), but was granted an *ordinary* disability retirement instead. The Employer petitioned the Commission to offset Ms. Norman-Bradford's ordinary disability retirement benefits against her workers' compensation benefits, citing the statutory offset provision in Maryland Code (1991, 2016 Repl. Vol.), § 9-610(a)(1) Labor and Employment Article ("LE"). The Commission decided that the Employer was not entitled to an offset, and the Employer petitioned for judicial review in the Circuit Court for Baltimore County. After a hearing on cross-motions for summary judgment, the circuit court granted the Employer's motion and reversed the Commission's decision after finding that the benefits Ms. Norman-Bradford received were "similar," which triggered the statutory offset. Ms. Norman-Bradford appeals and we affirm.

## I.  BACKGROUND

Ms. Norman-Bradford worked as a para-educator at Deer Park Elementary School in Baltimore County. On January 15, 2010, she tripped on a mat and fell while taking students outside for a fire drill. There is no dispute that as a result of the fall, she suffered injuries to her back, right ankle, hip, knee, and wrist.

After the accident, Ms. Norman-Bradford filed a claim for workers' compensation benefits. Her pre-accident medical history included neck, head, and back injuries from

various accidents and diagnoses of fibromyalgia and hypertension. On May 4, 2010, the Commission held a hearing and found that she had sustained a compensable accidental injury, awarded her medical treatment and compensation for temporary total disability benefits, and concluded that her fibromyalgia diagnosis was not caused by her accident. The Employer appealed the Commission's decision to the circuit court and the court reversed, finding that Ms. Norman-Bradford's fibromyalgia *was* causally related to her accidental injury as an aggravation of a pre-existing condition.

The following year, Ms. Norman-Bradford applied for accidental disability retirement benefits through the SRPS. The State Medical Board (the "Board") determined that based on the medical evidence she submitted, Ms. Norman-Bradford was permanently disabled and unable to perform her job, and recommended that the SRPS approve her claim for ordinary disability retirement benefits. But the Board denied her claim for accidental disability benefits after finding that the evidence didn't prove that the January 15, 2010 accidental injury caused her permanent disability. The SRPS adopted the Board's recommendation, denied Ms. Norman-Bradford's accidental disability benefits request, and awarded ordinary disability benefits.

The Commission held a hearing in November 2014 to determine whether Ms. Norman-Bradford was permanently and totally disabled, and within that broader question to resolve thirteen issues relating to the nature and extent of her disability. The Commission found that she was not permanently and totally disabled, but did find that she suffered from an overall forty-four percent industrial loss of use of her body—twenty-five percent from her accidental injury (fibromyalgia, back, neck, right foot, hip, knee, and wrist, and

2

psychiatric); fifteen percent from her pre-existing conditions (hypertension, psychiatric, fibromyalgia, back, and neck); and four percent from a subsequent accident or deterioration of a pre-existing condition (psychiatric). The Commission ordered the Employer to pay Ms. Norman-Bradford for permanent partial disability at the rate of $307 per week for 125 weeks.

Based on that finding, the Employer requested a hearing to determine its right to offset Ms. Norman-Bradford's ordinary disability retirement benefits with her workers' compensation award, pursuant to LE § 9-610(a)(1). On March 4, 2015, the Commission concluded that the Employer was not entitled to offset Ms. Norman-Bradford's benefits because her "benefits are not a similar benefit." The Employer sought judicial review of the Commission's decision. Both parties filed motions for summary judgment that focused on the Commission's interpretation of the term "similar benefits" in LE § 9-610(a)(1). After a hearing, the circuit court reversed the Commission's decision, found that the Employer was entitled to the statutory weekly offset under LE § 9-610, and granted the Employer's motion.

Ms. Norman-Bradford filed a timely notice of appeal. We supply additional facts below as necessary.

## II.  DISCUSSION

Ms. Norman-Bradford argues on appeal[1] *first* that the circuit court erred in finding that LE § 9-610, not § 29-118 of the State Personnel and Pension Article ("SP"), governs

---

[1] Ms. Norman-Bradford phrased the Questions Presented in her brief as follows:

3

the Employer's right to an offset, and *second* that even if LE § 9-610 applies, the court erred in finding that her ordinary disability retirement benefits and workers' compensation benefits are "similar." The Employer contends the circuit court correctly found that LE § 9-610 is the applicable statute and properly determined that the Employer is entitled to an offset because Ms. Norman-Bradford's ordinary disability retirement benefits and workers' compensation benefits are similar. We review a trial court's grant of a motion for summary judgment *de novo*, without deference to the legal decisions of the Commission or circuit court. *Long v. Workers' Ins. Fund*, 225 Md. App. 48, 57 (2015).

### A. LE § 9-610 Is The Appropriate Offset Provision.

Ms. Norman-Bradford contends *first* that the circuit court erred by applying LE § 9-610 instead of SP § 29-118 to determine whether the Employer was entitled to offset her

---

I. In Light of *State Retirement And Pension Sys. v. Thompson* Which Determined State Personnel And Pension § 29-118 Applies And Not Labor and Employment § 9-610, As The Appellant Is A Member Of The Maryland Teachers' Pension System, Was It Error For The Circuit Court To Grant The Board Of Education Of Baltimore County's Summary Judgment [Motion], Finding Workers' Compensation Benefits Were To Be Reduced/Offset By The Receipt Of Ordinary Disability Retirement Benefits Pursuant To § 9-610?

II. Assuming *Arguendo* LE § 9-610 Is Applicable Where The Claimant Is A Member Of The Maryland Teachers Pension System, Was It Error For The Circuit Court To Overturn The Commission's Decision That The Claimant's Workers' Compensation Benefits Will Not Be Offset By Her Receipt Of An Ordinary Disability Retirement, Where The Basis For Claimant's Retirement Was A Wage Loss Benefit Not Related To A Work Accident, And § 9-610 Only Offsets Similar Benefits?

4

workers' compensation benefits with her ordinary disability retirement benefits. This matters because, she says, SP § 29-118 wouldn't allow the Employer to offset her ordinary disability retirement benefits and she'd get to collect both—it only allows offsets for accidental or special retirement benefits. But SP § 29-118(a)(2)(i)(2) excludes "a retiree of the Employees' Pension System or the Employees' Retirement system who receives a disability retirement benefit as a former employee of a county board of education" from that division, and states that those employees are subject to LE § 9-610.

Ms. Norman-Bradford relies instead on *State Retirement & Pension Sys. of Md. v. Thompson*, 368 Md. 53 (2002), which construed an earlier version of SP § 29-118 that provided for the reduction of a "disability retirement benefit" without reference to "accidental or special disability retirement benefits." We faced this question last year and decided that a 2004 amendment to SP § 29-118 limited offsets under that provision to claimants who have been awarded accidental or special retirement benefits, and thus that SP § 29-118's offset provisions do not apply to members of the Teacher's Pension Plan who receive disability retirement benefits. *See Zakwieia v. Baltimore Cty., Bd. of Educ.*, 231 Md. App. 644, 650 n.2 (2017). The Court of Appeals agreed with us in *Reger v. Washington Cty. Bd. of Educ.*, 455 Md. 68 (2017), a case decided after the briefs were filed in this case but before argument, holding that "under the statutory scheme created by the amendment, which remains in effect today, a retiree who was employed by a county board of education who receives a disability benefit through that employer remains subject to the offset provision in LE § 9-610, and not the offset in SP § 29-118." *Id.* at 115–16 (footnotes

omitted). Ms. Norman-Bradford fits this description exactly, and the circuit court was correct to apply LE § 9-610 to assess the Employer's right to an offset.

>   **B.    The Workers' Compensation Benefits And Ordinary Retirement Benefits Awarded To Ms. Norman-Bradford Were "Similar" And Subject To Offset.**

*Second*, Ms. Norman-Bradford contends that even if LE § 9-610 applies, the court erred in concluding that her workers' compensation benefits were "similar" to her ordinary disability retirement benefits. This notion of similarity comes right from the statute:

> (a)(1) Except for benefits subject to an offset under § 29-118 of the State Personnel and Pensions Article, if a statute, charter, ordinance, resolution, regulation, or policy, regardless of whether part of a pension system, provides a benefit to a covered employee of a governmental unit or a quasi-public corporation that is subject to this title under § 9-201(2) of this title or, in case of death, to the dependents of the covered employee, *payment of the benefit by the employer satisfies, to the extent of the payment, the liability of the employer and the Subsequent Injury Fund for payment of similar benefits under this title.*

LE § 9-610 (emphasis added).

Ms. Norman-Bradford contends that ordinary retirement benefits are wage loss benefits and workers' compensation benefits are loss of earning capacity benefits, and thus not "similar" benefits. The Employer responds that the term "similar" refers to the *nature of the benefit* awarded to the employee (*i.e.*, disability benefits), not the nature of the underlying *injury*, and that if the offset were intended to apply only where the *injury* underlying both benefits was similar, the Legislature would have said so. The Legislature hasn't said so, but the Court of Appeals held in *Reger* that where the same injury forms the basis for both ordinary disability retirement benefits and workers' compensation benefits,

6

the two benefits are "similar," and the LE § 9-610 offset provision applies. 455 Md. at 121, 131. The Court grounded this conclusion in the overarching principle that claimants are entitled to a single recovery:

> First, the overall legislative intent behind the offset provision now contained in LE § 9-610 was "that the General Assembly wished to provide only a single recovery for a single injury for government employees covered by both a pension plan and [workers'] compensation," and to thereby prevent employees from receiving a double recovery for the same injury. *Fikar* [v. *Montgomery Cty.*], 333 Md. [430,] 435 [(1994)] (quoting *Frank* [*v. Baltimore Cty.*], 284 Md. [655,] 659 [(1979)].
>
> Second, as clarified in *Newman* [*v. Subsequent Injury Fund*, 311 Md. 721, 727 (1988)], the specific language in the statute that "payment of the benefit by the employer satisfies, to the extent of the payment, the liability of the employer … for payment of similar benefits under this title" reflects a legislative intent that the offset apply only to "comparable" benefits, which are "benefits accruing by reason of the same injury." *See also Fikar*, 333 Md. at 439 . . . (holding that the statutory offset applied because cash payments the petitioner was paid as part of her vocational rehabilitation benefits were awarded "because of the same injuries sustained in the same accident which occurred in the course of her employment" that was also the basis for her disability pension benefits); *Polomski* [*v. Mayor & Cty. Council of Baltimore*,] 344 Md. [70,] 81 . . . [(1996)] (holding that "similar benefits for the same injury trigger the offset provision of Art. 101, § 33(d) [later recodified at LE § 9-610]" whereas "[d]issimilar benefits [ ] render the offset provision inapplicable'"); *Blevins* [*v. Baltimore Cty.*], 352 Md. at 642. . . . (noting that pursuant to our holding in *Newman*, "the only benefits that a county was entitled to set off against a workers' compensation award were those that were similar to the compensation benefits -- those which, if not set off, would permit a double recovery for the same injury"). When benefits are not traceable to the same injury, they are dissimilar, and the statutory offset does not apply. *Newman*, 311 Md. at 728 . . . .

> Third, although early cases discussing the statutory offset provision suggested it should apply to offset workers' compensation benefits against any other benefit that compensates the employee for wage loss, this Court explicitly rejected that rationale in *Newman*, emphasizing that "our statute focuses only on dual recoveries for a single on-the-job injury" and "does not encompass setoffs for every type of wage-loss benefit available." *Id.* at 727 . . .

*Reger*, 455 Md. at 116–17.

The trial court relied on our holding in *Reynolds v. Bd. of Educ. of Prince George's Cty.* in finding Ms. Norman-Bradford's workers' compensation and retirement benefits "similar." 127 Md. App. 648 (1999). Before *Reger*, *Reynolds* was the controlling case on the "similar benefits" issue. *Id.* There, we held that ordinary disability retirement benefits awarded to a school bus driver employed by the Prince George's County Board of Education were similar to his workers' compensation permanent partial disability benefits. *Id.* at 655. We reasoned first that because "the *same physical incapacity* on the part of the [employee] formed the basis for the workers' compensation award and for the ordinary disability retirement award," the offset provision should apply. *Id.* In the alternative, we explained that "[t]he ordinary disability retirement benefit is tantamount to a wage loss benefit," and therefore is similar to a workers' compensation award. *Id.* The circuit court in this case adopted the primary rationale of *Reynolds* and found that because Ms. Norman-Bradford had "relied upon the *same medical condition and physical incapacity* (January 15, 2010 injuries, chronic pain, and fibromyalgia) in applying for a workers' compensation award and accidental disability retirement benefits," the benefits were "similar" and the Employer was entitled to an offset.

8

The Court of Appeals in *Reger* agreed with the primary rationale in *Reynolds*. When the same physical incapacity forms the basis for the workers' compensation award and the ordinary disability retirement award, the benefits are similar and the offset applies. *See Reger*, 455 Md. at 129. The Court disagreed with our alternative rationale, though, and explained that "the only relevant inquiry is whether ordinary disability benefits can, as a matter of law, be 'similar' to workers' compensation benefits—meaning that the two sets of benefits were awarded as a recovery for the same injury or, in other words, stemmed from the same cause." *Id.* at 118. Accordingly, "the offset provision in LE § 9-610 is not limited only to those benefits that might be characterized as 'wage loss benefits,' but applies to *any* benefit awarded to compensate the *same* injury for which the employee also received workers' compensation benefits." *Id.* at 131 (emphasis added).

Ms. Norman-Bradford contends here that *Reynolds* is factually distinguishable: the SRPS in *Reynolds* didn't award the claimant accidental disability retirement benefits because she suffered from an occupational disease, *see* 127 Md. at 651, whereas Ms. Norman-Bradford sustained a work-related accidental injury. This distinction doesn't matter, though. Ms. Norman-Bradford applied for both sets of benefits based on the same injury and physical incapacity. When she applied for accidental disability retirement benefits, she said that she suffered from high blood pressure, fibromyalgia, chronic severe pain, lower back pain, and hip bursitis. She also reported that she "[hadn't] been at work since the fall" and couldn't "move around [] as freely as [she'd] like without experiencing severe pain." At the November 2014 hearing before the Commission, she testified that before the January 15, 2010 injury, she was "fine" and worked full time, but began

9

experiencing pain "all over [her] body." And while proffering her medical evidence, her counsel noted that the accidental injury "aggravated" her pre-existing fibromyalgia, which caused more prolonged symptoms. Both sets of benefits were awarded for the same injuries and physical incapacity, and the benefits are similar.

Ms. Norman-Bradford points as well to the Commission's apportionment of her permanent partial disability. After the hearing, the Commission found a 44% industrial loss of use of body, 25% of which it attributed to her accidental injury (fibromyalgia, back, neck, right foot, hip, knee, and wrist, and psychiatric), and awarded her permanent partial disability benefits of $307 weekly for 125 weeks. The Commission also determined that "the portion of her disability due to her pre-existing condition [15%] did not amount to 125 weeks of disability benefits." But the apportionment proves only that she was awarded permanent partial disability benefits for a percentage of the injuries she sustained as a result of the accident, the same basis of her ordinary retirement benefits award. She also points to differences between the Commission's and SRPS Medical Board's findings about the cause of her injuries. And it's true that in *Reger*, the Court of Appeals noted that "when a claimant suffers a single overall injury that involves a preexisting condition that was exacerbated or triggered by an accidental injury, the [SRPS] and [Commission] may both award the claimant benefits for that single injury but make contrasting findings as to the cause of the injury." *Id.* at 131. Here, although the Commission determined that Ms. Norman-Bradford's fibromyalgia is causally related to her accidental injury, the SRPS Medical Board concluded that the accident was *not* causally related to her permanent disability (chronic pain and fibromyalgia). So under *Reger*, the offset still applies even if

10

the SRPS and Commission award benefits for a single injury and make contrasting findings about its cause. *Id.* That is what happened here, and the circuit court correctly found that the Employer was entitled to the offset.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. APPELLANT TO PAY COSTS.**

11