## MONTGOMERY COUNTY, MARYLAND
### ET AL. *v.* KAPONIN

[No. 94, September Term, 1964.]

*Decided December 7, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-
MOND, PRESCOTT, MARBURY and OPPENHEIMER, JJ.

*Francis J. Ford,* with whom was *Charles E. Channing, Jr.,*
on the brief, for the appellants.

*James S. McAuliffe, Jr.,* with whom were *Heeney, McAuliffe
& McAuliffe* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

Demetrius G. Kaponin, appellee, was employed by Mont-
gomery County on April 28, 1961, as a police officer. At this
time, the Fireman's Fund Insurance Company, one of the ap-
pellants, was the Workmen's Compensation insurance carrier
for the other appellant, Montgomery County. In the course of
his employment, the appellee sustained an accidental personal
injury as the result of being struck on the head by a gun butt
while preventing a kidnapping and armed robbery. Thereafter,
the appellee filed a claim with the Workmen's Compensation
Commission, and upon hearing, the Commission found that the
appellee sustained an accidental injury arising out of and in
the course of his employment resulting in a permanent partial
disability amounting to seventy-five per cent industrial loss of
use of his body due to neuro-psychiatric inability. The Com-
mission ordered that the claimant be paid disability compensa-
tion of $25 weekly, not to exceed the sum of $9,375, and past,
present and future medical and hospital expenses incurred as
a result of the accidental injury. On July 6, 1962, Kaponin was
retired from the employment of the County by reason of his in-
capacity resulting from the accidental injury. The appellee re-
ceives disability benefits from the County of $260 per month
pursuant to Montgomery County Code (1960), Chapter 19,

Sections 16-19, entitled Relief and Retirement Fund (Retirement Fund).

From the award of the Commission for compensation rendered on January 14, 1963, appellant noted an appeal to the Circuit Court for Montgomery County by serving on the secretary of the Commission an order for appeal on February 11, 1963. On February 20, appellants filed a notice of appeal with the clerk of the Circuit Court for Montgomery County. Thereafter, on February 21, appellee filed a motion to dismiss the appeal on the ground that such appeal had not been filed in the Circuit Court within thirty days of the Commission's ruling. This motion was overruled by Judge Anderson on March 22. We think the trial judge was correct in this ruling, for as we view the matter Ch. 40 of the Laws of 1962 then was controlling and it provided that the appeal was to be taken by service of notice of appeal upon the Commission. See *Hensley v. Bethesda Metal Co.*, 230 Md. 556, 188 A. 2d 290. Cf. Ch. 342 of the Laws of 1963. At the trial on October 16, the appellants waived a jury trial and abandoned all issues raised in their petition for relief from the Commission's order of January 14, except the question as to whether the provision in Code (1957), Article 101, Section 33, "* * * Whenever and so long as by State law, city charter, or municipal ordinance, provision equal to or better than that given under the terms of this article is made for municipal employees injured in the course of employment, such employees shall not be entitled to the benefits of this article" bars the claimant from receiving Workmen's Compensation benefits. Judge Anderson in his opinion and order of January 14, 1964, denied the petition and stated in his opinion that since the plan of retirement provided by the County Code is of a fixed nature and does not provide for medical benefits, the court was unable to say that the Montgomery County plan was equal to or better than the provisions of the Workmen's Compensation statute, which provided for unlimited medical benefits.

On their appeal to this Court, the only question presented by appellants is whether Section 33 of Article 101 prohibits appellee from simultaneously receiving retirement benefits from the County and workmen's compensation benefits when, as they

claim, the retirement benefits are greater than the compensation benefits.

The Workmen's Compensation law, Article 101, Section 33, provides state, city and municipal governments with the authority to exclude themselves from carrying workmen's compensation insurance on their employees by permitting them as an alternative to enact their own laws providing benefits for their employees equal to or greater than the benefits provided by Workmen's Compensation if they so desired. The benefits provided employees by the Retirement Fund are not equal to or greater than the benefits provided employees by the Workmen's Compensation law. Article 101, Section 33 does not provide for offsets of workmen's compensation benefits against the benefits received from a pension fund, but is a qualification statute designed to give municipal employers an alternative to providing workmen's compensation by enacting legislation affording to their employees benefits equal to or greater than those provided by the Workmen's Compensation law. The Retirement Fund fails to provide for any medical benefits, whereas Workmen's Compensation provides for unlimited such benefits. Nor does the Retirement Fund provide partial or permanent partial benefits. Appellants concede that they are liable for medical expenses and wish to offset this amount against Workmen's Compensation benefits, and thus use a case by case examination to determine whether benefits are "equal to or greater than." However, we hold that the Workmen's Compensation law intends a law by law examination and not a case by case examination; and since the provisions of Chapter 19 of the Montgomery County Code are not equal to or greater than the provisions of the Workmen's Compensation law, the claimant is entitled to receive benefits under both.

In other jurisdictions, employees have been permitted to receive the benefit of both the state pension system and workmen's compensation. *City Council of Augusta v. Young*, 127 S. E. 2d 904 (Ga.) ; *City of Palo Alto v. Industrial Accident Commission*, 345 P. 2d 586 (Cal.) ; *Guth v. Township of North Bergen*, 113 A. 2d 50 (N.J.). Larson, *The Law of Workmen's Compensation*, Vol. 2, Sec. 97.33 states: "As to private pensions, whether provided by the employer, union, or the indi-

vidual's own purchase, there is ordinarily no occasion for reduction of compensation benefits. Thus, the benefits from a contributory firemen's relief association may be treated the same as any private insurance."

Judge Anderson was correct in ruling that the appellants had failed to demonstrate that the benefits under the Retirement Fund were equal to or greater than those under the Workmen's Compensation law so that the order must be affirmed.

*Order affirmed. Costs to be paid by appellants.*