REPORTED
IN THE COURT OF SPECIAL APPEALS
OF MARYLAND

No. 2492

September Term, 2015

_____

MARCEE ZAKWIEIA

v.

BALTIMORE COUNTY, BOARD OF
EDUCATION

_____

Wright,
Berger,
Nazarian,



JJ.
_____

Opinion by Berger, J.
_____

Filed:  February 3, 2017

This case is before us on appeal from an order of the Circuit Court for Baltimore County granting summary judgment in favor of the Board of Education of Baltimore County ("the Board"), appellee. The questions presented on appeal involve whether the Board was entitled to apply ordinary disability retirement benefits owed to Marcee Zakwieia ("Claimant"), appellant, as a credit to workers' compensation benefits also owed to her. The circuit court affirmed the decisions of the Maryland Workers' Compensation Commission ("the Commission"), ruling that the Board was entitled to the statutory offset provided in Md. Code (1991, 2008 Repl. Vol.), § 9-610 of the Labor & Employment Article ("LE"). Claimant alleges that the circuit court's ruling was erroneous and presents two questions for our consideration, which we have rephrased slightly as follows:

> I. Whether LE § 9-610 applies in determining whether the Board is entitled to a statutory offset for workers' compensation benefits owed to Claimant.
>
> II. Whether the circuit court properly determined that the Board was entitled to an offset for Claimant's workers' compensation benefits pursuant to LE § 9-610.

For the reasons explained herein, we shall affirm.

## FACTS AND PROCEEDINGS

On December 13, 2007, Claimant suffered an accidental injury to her back while employed by the Board. Thereafter, Claimant filed a claim with the Commission and was awarded workers' compensation benefits for injuries to her back and right shoulder.

Following the injury, Claimant applied for accidental disability retirement benefits through the Maryland State Retirement Agency. Claimant identified December 13, 2007 as the date of the accident which caused her disability. On November 20, 2012, the

Maryland State Retirement and Pension System denied Claimant's application for accidental disability retirement benefits but awarded Claimant ordinary disability retirement benefits. Part of the ordinary disability retirement award was due to Claimant's pre-existing back condition related to degenerative arthritis of the lumbar spine.

A hearing was held before the Commission on March 26, 2014 on, *inter alia*, the issue of whether the Board was entitled to an offset under LE § 9-610. The Commission issued an order on April 3, 2014 in which the Commission concluded that Claimant's ordinary disability retirement benefits and workers' compensation benefits were "similar benefits" under LE § 9-610(a), and, therefore, were subject to the statutory offset. Claimant filed a request for rehearing on April 18, 2014, raising the offset issue as well as other, unrelated issues that are irrelevant to this appeal. The Commission issued subsequent orders on June 2, 2014 and August 7, 2014.[1]

Claimant appealed the Commission's orders to the Circuit Court for Baltimore County. Claimant and the Board filed cross-motions for summary judgment. After a hearing, the circuit court upheld the decisions by the Commission and found that the statutory offset in § 9-610 was applicable to Claimant's benefits. This appeal followed.

## STANDARD OF REVIEW

The entry of summary judgment is governed by Maryland Rule 2-501, which provides:

> The court shall enter judgment in favor of or against the
> moving party if the motion and response show that there is no

---

[1] The subsequent orders related to apportionment of disability between the accidental injury and preexisting injury. Only the offset issue is before us in this appeal.

2

> genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.

Md. Rule 2–501(f).

The Court of Appeals has explained the standard of review of a trial court's grant of a motion for summary judgment as follows:

> On review of an order granting summary judgment, our analysis "begins with the determination [of] whether a genuine dispute of material fact exists; only in the absence of such a dispute will we review questions of law." *D'Aoust v. Diamond*, 424 Md. 549, 574, 36 A.3d 941, 955 (2012) (quoting *Appiah v. Hall*, 416 Md. 533, 546, 7 A.3d 536, 544 (2010)); *O'Connor v. Balt. Cnty.*, 382 Md. 102, 110, 854 A.2d 1191, 1196 (2004). If no genuine dispute of material fact exists, this Court determines "whether the Circuit Court correctly entered summary judgment as a matter of law." *Anderson v. Council of Unit Owners of the Gables on Tuckerman Condo.*, 404 Md. 560, 571, 948 A.2d 11, 18 (2008) (citations omitted). Thus, "[t]he standard of review of a trial court's grant of a motion for summary judgment on the law is de novo, that is, whether the trial court's legal conclusions were legally correct." *D'Aoust*, 424 Md. at 574, 36 A.3d at 955.

*Koste v. Town of Oxford*, 431 Md. 14, 24–25, 63 A.3d 582, 589 (2013).

In an appeal of a workers' compensation case, when the issue presented is an issue of law, "we review the decision *de novo*, without deference to the decisions of either the Commission or the circuit court." *Long v. Injured Workers' Ins. Fund*, 225 Md. App. 48, 57 (2015) (citing *Gross v. Sessinghause & Ostergaard, Inc.*, 331 Md. 37, 45-48 (1993)). Because this case presents only issues of law, we apply the *de novo* standard of review.

DISCUSSION

## I.

Claimant's first assertion is that because she is a member of the Teachers' Pension Union, LE § 9-610 does not apply to the instant case. Claimant asserts that, Md. Code (1993, 2015 Repl. Vol.), § 29-118 of the State Personnel & Pensions Article ("SPP"), is the only controlling statute. Claimant further argues that the circuit court "overlooked the application of SPP § 29-188 altogether and rushed to apply LE § 9-610." As we shall explain, Claimant's argument is both unpreserved and based upon a misreading of the relevant law.

First, we observe that this argument was not raised before the trial court or administrative agency. The transcript of the March 26, 2014 hearing before the Commission indicates that the parties focused their arguments on the issue of the offset pursuant to LE § 9-610 and did not so much as mention SPP § 29-188. Furthermore, Claimant's motion for summary judgment clearly states that "[t]his case involves an interpretation of § 9-610 of the Maryland Workers' Compensation [A]ct," which is codified at LE § 9-610. Furthermore, at the September 10, 2015 hearing before the circuit court, Claimant's attorney argued as follows:

> But now what we have to look at is: Is there an off-set under this receipt of benefits?
>
> And the relevant statute is 9-610, which says that, if a governmental unit, the Board of Education being one of them, provides a benefit to the employee paid by the employer that is similar to any worker's compensation benefits, then there is an off-set, and so the key word is what is similar and are the ordinary disability retirement benefits that [Claimant] is

4

> getting similar to her 50 percent disability that is related just to her work accident.

Indeed, the entirety of the argument before the circuit court was based upon the application of LE § 9-610.

> Maryland Rule 8-131 governs the scope of appellate review, and provides:

> > Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal.

Md. Rule 8–131(a). Our preservation requirement is equally applicable to administrative appeals. *Motor Vehicle Admin. v. Shea*, 415 Md. 1, 15, 997 A.2d 768 (2010) ("[A] court ordinarily may not pass upon issues presented to it for the first time on judicial review and that are not encompassed in the final decision of the administrative agency.") (internal quotation omitted). Because this issue was not raised before the administrative agency or the circuit court, we shall not address it on appeal.[2]

---

[2] We note that, although the issue is not properly before us, it appears to be altogether without merit. Claimant asserts that no offset at all should apply in this case because SPP § 29-118 applies to members of the Teachers' Pension System and SPP § 29-118 provides an offset only in cases involving accidental and special disability, not cases involving ordinary disability, such as this case. LE § 9-610 provides that it is the applicable statute "[e]xcept for benefits subject to an offset under § 29-118 of the State Personnel and Pensions Article[.]" SPP § 29-118 does **not** apply to ordinary disability retirement benefits. To the extent that Claimant asserts that *State Retirement and Pension System v. Thompson*, 368 Md. 53 (2002), supports her assertion that the LE § 9-610 offset does not apply in this case, Claimant is mistaken. In *Thompson*, the Court of Appeals construed an earlier version of SPP § 29-118(b)(1), which provided for the reduction of a "disability retirement benefit" without reference to "accidental or special disability retirement benefit," the language found in the current SPP § 29-118(b)(1). Since the modification of SPP § 29-118(b)(1) in 2004, following the *Thompson* decision, the statute

5

We next turn to the application of LE § 9-610 to the circumstances of the present case. The Commission found, and the circuit court affirmed, that LE § 9-610 was applicable to offset Claimant's benefits. Section 9-610 provides in relevant part:

> (a)(1) Except for benefits subject to an offset under § 29-118 of the State Personnel and Pensions Article, **if a statute, charter, ordinance, resolution, regulation, or policy, regardless of whether part of a pension system, provides a benefit to a covered employee** of a governmental unit or a quasi-public corporation that is subject to this title under § 9-201(2) of this title or, in case of death, to the dependents of the covered employee, **payment of the benefit by the employer satisfies, to the extent of the payment, the liability of the employer and the Subsequent Injury Fund for payment of similar benefits under this title.**

(Emphasis added.) As we discussed *supra*, SPP § 29-118 does not apply because this case does not involve accidental or special retirement disability.

The crux of this appeal is whether the workers' compensation benefits awarded to Claimant for her permanent partial disability constitute "similar benefits" to the ordinary disability benefits paid by the Board. Claimant maintains that the LE § 9-610 offset applies only when the basis for both benefits is the result of the *same injury*. The Board responds that the term "similar" refers to the *nature of the benefit* awarded to the employee (i.e., disability benefits), and not the nature of the underlying injury. As we shall explain, we agree with the Board's interpretation.

---

applies only to accidental or special disability. Accordingly, LE § 9-610 is the controlling statute in this case, which involves *ordinary disability* retirement benefits -- as the parties apparently agreed at all stages of this proceeding prior to the instant appeal.

Maryland law has long provided for the offset of workers' compensation benefits against certain other benefits. Indeed, "from the inception of the Workmen's Compensation law, the General Assembly was concerned with, and attempted to prohibit, governmental authorities being obliged to pay benefits to an employee twice as a result of the same injury." *Nooe v. City of Baltimore*, 28 Md. App. 348, 352 (1975). A predecessor to LE § 9-610 provided that when an employee was entitled to benefits "equal or better than that given under the" workers' compensation law, "such employe[e]s shall not be entitled to" workers' compensation benefits. *Id.* at 349 (quoting Acts 1914, Ch. 800, Section 34).

In *Montgomery County v. Kaponin*, 237 Md. 112 (1964), the Court of Appeals construed the statute as providing the authority for local governments to exclude themselves from the obligation to carry workers' compensation insurance by allowing them to enact laws that would provide equal or greater benefits than those provided under the workers' compensation law. The *Kaponin* Court held that an employee was entitled to receive workers' compensation benefits and benefits from the county when the benefits provided by the county were not "equal to or greater than" benefits awarded under the workers' compensation law. *Id.* at 114. The Court held that the statute did "not provide for offsets of workmen's compensation benefits against the benefits received from a pension fund." *Id.*

In response to the *Kaponin* decision, which "to a large extent circumvented" "the manifest purpose of" the workers' compensation statute, *Nooe*, *supra*, 28 Md. App. at 352, the General Assembly responded by enacting Ch. 785, Acts 1971 in 1971. Acts 1971, ch.

7

785 was later codified as Section 33 of Article 101, which is the predecessor to LE § 9-610.

In *Nooe*, we discussed the legislative response to *Kaponin* as follows:

> Acts 1971, ch. 785, clearly provides for offsets of workmen's compensation benefits against the benefits otherwise furnished by a defined employer. It is not a qualification statute such as the Court of Appeals found the former statute to be. To the extent which, by due legislative enactment, a defined employer furnishes an employee with benefits, whether as part of a pension system or otherwise, the liability or obligation of the employer for any workmen's compensation benefit is satisfied and discharged. If the Workmen's Compensation Commission determines that the benefits furnished by the employer are equal to or better than the workmen's compensation benefits, then the liability or obligation of the employer under the workmen's compensation act is fully satisfied and discharged. The offset nature of the provisions is readily apparent also from the title to the Act which declares that it is to provide that 'whenever benefits are furnished by an employer, as defined, equal to or better than the benefits provided under Article 101 of the Annotated Code of Maryland, such defined employer shall be released of any obligation thereunder, but should such benefits be less than those required by the said Article 101, such defined employer shall make up the difference.'

28 Md. App. 348, 352-53. Our examination of the history of LE § 9-610 makes clear that the legislative intent of the offset provision is to provide a single recovery for employees covered by both government pension plans and workers' compensation. *See e.g.*, *Frank v. Baltimore County*, 284 Md. 655, 659 (1979) ("[T]he General Assembly wished to provide only a single recovery for a single injury for government employees covered by both a pension plan and workmen's compensation."); *Mayor & City Council of Baltimore v. Polomski*, 106 Md. App. 689, 697-98 (1995), *aff'd,* 344 Md. 70 (1996) ("Whether construing either statue, [LE] 9–503 or 9-610, the unmistakable intent of the Legislature

8

since 1914 has been to provide only a single recovery for governmental employees covered by both a pension plan and workers' compensation.").

Having set forth the legislative history of and underlying principles behind LE § 9-610, we turn to the particulars of the present appeal. Both parties agree that the case of *Reynolds v. Board of Educ. of Prince George's County*, 127 Md. App. 648 (1999), is the controlling case regarding the "similar benefits" issue.[3] Unsurprisingly, each party characterizes the holding of *Reynolds* quite differently.

In *Reynolds*, a school bus driver employed by the Prince George's County Board of Education developed headaches, respiratory difficulties, and skin irritation as a result of occupational exposure to diesel fuel and fumes. *Id.* at 650. The bus driver was awarded worker's compensation benefits as well as ordinary disability retirement benefits from her employer. This Court held that the ordinary disability retirement benefits awarded to the bus driver were similar to the workers' compensation permanent partial disability benefits awarded to appellant, and the offset provision applied. *Id.* at 655. We reasoned that "[t]he ordinary disability retirement benefit is tantamount to a wage loss benefit similar to a workers' compensation award to the extent that the benefits are payable prior to a point in time when service retirement benefits would have been payable in the absence of disability or to any amount in excess of service retirement benefits." *Id.* In addition, we commented that the bus driver suffered from "a single medical condition caused by . . . exposure to

---

[3] Although we have not addressed this issue in a reported opinion since 1999, we note that the Court of Appeals has granted certiorari on this issue in the case of *Reger v. Washington Co. Board of Education*, 450 Md. 421 (November 22, 2016), which is scheduled for argument before the Court of Appeals on March 3, 2017.

diesel fuel" and that the bus driver "claimed the same medical condition and physical incapacity and submitted the same evidence to both the medical board and the Commission." *Id.*

Claimant maintains that, under *Reynolds*, the LE § 9-610 offset applies only when a single medical condition forms the basis for both the ordinary disability retirement benefits and the workers' compensation benefits. In our view, this is an incorrect interpretation of our holding in *Reynolds*. The critical similarity in *Reynolds* was based upon the *benefits provided*, not upon the medical condition. In this case, as in *Reynolds*, Claimant was awarded both ordinary disability retirement benefits and a workers' compensation award. As in *Reynolds*, the retirement benefits awarded to Claimant are "tantamount to a wage loss benefit similar to a workers' compensation award." *See id.*

Permitting Claimant to receive both the workers' compensation award *and* the ordinary disability retirement award would result in a windfall to Claimant, wherein Claimant would receive duplicate benefits for the same underlying basis, i.e. Claimant's physical incapacity. This would be contrary to the purposes of LE § 9-610, which, as discussed *supra*, are to provide a single recovery for governmental employees covered by both a disability pension plan and workers' compensation, to prevent double recovery to an injured worker, and to prevent double payment by the governmental employer.

In keeping with the well-established purposes of LE § 9-610, we hold that the proper interpretation of the term "similar benefits" is whether the benefits provide a similar wage loss benefit to a workers' compensation award, not whether the benefits accrue from a similar injury. In this case, as in *Reynolds*, the ordinary disability retirement benefits are

10

clearly a wage loss benefit intended to compensate a claimant due to her inability to work caused by her disability.[4]  Accordingly, we hold that that the LE § 9-610 offset applies to the present case.[5]

Lastly, Claimant asserts that the employer -- here, the Board -- and the Subsequent Injury Fund cannot both receive the benefit of the LE § 6-910 offset.  Claimant maintains that "there is no foundation in the law" which would permit both the Subsequent Injury Fund ("SIF") and the Board to claim an offset for a claim resulting, in part, from a single pre-existing condition.  The clear and unambiguous language of the statute leads us to reject Claimant's assertion. LE § 9-610 provides that "payment of the benefit by the employer satisfies, to the extent of the payment, **the liability of the employer <u>and</u> the Subsequent Injury Fund** for payment of similar benefits under this title."  (Emphasis added.)  The

---

[4] Ordinary service retirement benefits, on the other hand, are not a wage loss benefit intended to compensate a disabled/injured employee, and are not subject to any type of offset under the worker's compensation law.  *Reynolds*, *supra*, 127 Md. App. at 653 ("Service retirement benefits are not similar to accidental disability benefits."), citing *Newman v. Subsequent Injury Fund*, 311 Md. 721 (1988).

[5] Assuming arguendo that the term "similar" referred to a similar underlying injury, we are persuaded the LE § 9-610 offset would still apply to the facts of this case.  Claimant suffered pre-existing back problems prior to the December 13, 2007 accidental injury.  When applying for accidental disability retirement benefits, Claimant reported the December 13, 2007 back injury as the source of her disability.  Claimant submitted records of medical treatment following the December 13, 2007 work injury to the Maryland State Retirement and Pension System.  Both the workers' compensation awards and the ordinary disability retirement benefits were based upon the December 13, 2007 injury and the pre-existing back problems.  Although Claimant referenced her separate shoulder problems in the disability retirement application, the overwhelming majority of the application focused upon the problems caused by the December 13, 2007 accident.  As in *Reynolds*, "the same physical incapacity on the part of [Claimant] formed the basis for the workers' compensation award and for the ordinary disability retirement award."  127 Md. App. at 655.

SIF's obligation to pay Claimant benefits was triggered by Claimant's December 13, 2007 work-related injury, which exacerbated her pre-existing conditions. Absent Claimant's work-related injury, the SIF would have no obligation to pay any benefits to Claimant because the pre-existing conditions were not a compensable disability until Claimant's condition was made worse by the December 13, 2007 incident. The benefits awarded, both from the employer and the SIF, are similar to Claimant's ordinary disability retirement benefits. As such, the LE § 9-610 offset applies to both the Board and the SIF.

**JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**